## The State v. Waltz.

1. **Criminal Law:** LARCENY: EVIDENCE. Upon the trial of the defendant for the larceny of certain colts, he offered evidence tending to show that he had been informed that the colts were not the property of the prosecuting witness, but that the sale to him was a sham and they had in fact been sold instead to the person with whom defendant was jointly indicted for their larceny: *Held*, that such evidence was material and should have been admitted.

*Appeal from Story District Court.*

SATURDAY, OCTOBER 25.

THE defendant was indicted jointly with Asa Perigo, for the larceny of two three year old colts, of the value of one hundred and seventy-five dollars. The defendant was convicted and sentenced to the penitentiary for six months. He appeals.

*Stephen F. Balliet*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

DAY, J.—The testimony is very meager and unsatisfactory. It appears from the evidence that the colts in question were originally owned by one Mrs. Vanhorn, with whom the defend-

ant lived. The prosecuting witness, Isaac Shaffer, claims that he purchased the colts of Mrs. Vanhorn about one month before the alleged larceny. On Thursday evening Waltz came to Shaffer for the colts to take himself, Perigo, and Mrs. Vanhorn, to Nevada. Shaffer allowed Waltz to take the colts. On Friday evening one of the colts was returned to Shaffer, and he rode it to a dance and back to Mrs. Waltz's, the mother of the defendant. Perigo was there with the other colt. Perigo said to Waltz, "let's go," and Waltz took the colt that Shaffer rode to the dance, and Perigo took the other and rode them off. Shaffer saw the defendant and Perigo start away with the colts, and made no objection to their taking them. He has not seen the colts since. Evidence was introduced tending to show that the defendant was informed that the sale of the colts by Mrs. Vanhorn to Shaffer was a mere sham, and that the colts were still the property of Mrs. Vanhorn. The defendant sought to prove a sale of the colts from Mrs. Vanhorn to Perigo. The evidence was objected to as immaterial and incompetent, and was excluded. This evidence should have been admitted. If the defendant believed that the sale from Mrs. Vanhorn was a sham, and also knew that Mrs. Vanhorn had sold the colts to Perigo, the defendant and Perigo were not guilty of larceny in riding the colts away. The proposed evidence is very material, and might, if it had been admitted, have changed the result.

REVERSED.