## THE STATE v. KREWSEN.

1. **Criminal Law**: DEFENSE OF ALIBI: BURDEN OF PROOF. Where the defendant in a criminal trial relies upon the defense of an *alibi*, the burden of proof is upon him to establish such defense by a preponderance of the evidence. Following *The State v. Hamilton, post.*

*Appeal from Davis District Court.*

TUESDAY, DECEMBER 20.

THE defendant was indicted jointly with two others for burglary. Verdict and judgment having been rendered against him he appeals.

*Miller & Son,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

ADAMS, CH. J.—The defendant introduced evidence tending to prove an *alibi.* The court gave an instruction in these words: "The burden of establishing an *alibi* is cast upon the defendant, and the evidence introduced to sustain it should outweigh the proof introduced by the State tending to show that the defendant participated in the burglary. But he is not bound to establish such defense beyond a reasonable doubt, and if upon the whole case, the testimony raises in your minds a reasonable doubt that the defendant was at the place of the burglary, and you find that said offense was not committed by the counsel, advice, or direction of the defendant, then you should find the defendant not guilty."

The defendant objects to so much of the instruction as charges the jury that the evidence of the *alibi* should outweigh the evidence tending to show that the defendant participated in the burglary.

Under the rule adopted by a majority of the court in *State*

*v. Hamilton, post,* p. 596, decided at the present term, the instruction must be approved.

We discover no error upon any other point, and the judgment must be

AFFIRMED.