EDWARD A. TRASK

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 20, 1882.*

INSTRUCTION—*error to refuse one on party's theory based on evidence.*
On the trial of a party for a conspiracy to obtain goods, etc., where the evidence upon the material points in the case is conflicting, it is error to refuse an instruction for the defendant fairly presenting the law on the theory of the case contended for by him, having a basis in the evidence on which to rest.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. F. RUNYAN, for the plaintiff in error.

Mr. LUTHER LAFLIN MILLS, State's Attorney, and Mr. GEO. C. INGHAM, Assistant State's Attorney, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The plaintiff in error was indicted, together with John Horr, William Turner, Michael McDonough, and H. M. Cook, for conspiracy. The indictment contains two counts, varying from each other only in the ownership of the money, goods, etc., which it is alleged it was the purpose of the conspiracy to obtain. Plaintiff in error was put upon trial alone. The jury returned a verdict of guilty, fixing his punishment at confinement in the penitentiary for the term of two years. The court, after overruling a motion for a new trial, gave judgment upon this verdict, to reverse which this writ of error is prosecuted.

One Lederer was the owner of a house in the city of Chicago, and plaintiff in error was his agent for renting the same, and had been such agent prior to and including the

year 1875. On the 24th day of November, 1875, Mary Wagner rented the rooms on the second floor of this building, at a rental of $25 per month, and on the next day she moved into them, and continued to occupy them thenceforward until near the last of April, 1876. On the 20th of February, 1880, plaintiff in error assumed to assign what he claimed was a balance of $75, due on account of this occupancy of the rooms, to William Turner. On the 9th of July, 1880, Turner sued out a writ of attachment before Demars, a justice of the peace of Cook county, in favor of Lederer and against Mary Wagner, to recover the amount so assigned to him. The writ was placed in the hands of Michael McDonough, a constable of Cook county, to execute, and, assuming to act by virtue of its authority, he seized goods belonging to John Taylor, in the possession of Mary Wagner, and one or more articles, of insignificant value, belonging to her. The venue was changed from Demars to Matson, another justice of the peace of Cook county, and plaintiff in error appeared, in obedience to a subpœna, and testified on the trial before Matson. While this attachment suit was pending, somebody, representing himself to be Franklin J. Spencer, sued out a writ of replevin before Smull, also a justice of the peace of Cook county, for the same property upon which the writ of attachment was levied. This writ was placed in the hands of John Horr, a constable of Cook county, to execute. Horr, assuming to act by virtue of the writ, took the attached property from McDonough and placed it in a warehouse belonging to Horner, who issued duplicate receipts therefor, one to McDonough and one to Miller,—the latter a name not in anywise identified by any of the witnesses as connected with the transactions. H. M. Cook was bondsman for Turner in the attachment suit, and also an employé of plaintiff in error. The writ of attachment was, on the hearing before the justice of the peace, quashed. McDonough appeared at the return day of the

writ in the replevin suit, and there being no prosecution, judgment was given for the defendant, and that the property be returned to him. The warehouse receipt issued in the name of "Miller," subsequently came into possession of Mary Wagner, and by means of it she regained possession of the property which had been taken from her by virtue of the writ of attachment.

The theory of the prosecution is, that there was nothing due from Mary Wagner to Lederer for the occupancy of the rooms; that the assignment to Turner was colorable only, and the suit brought pursuant to a previous agreement or understanding with plaintiff in error; that the replevin suit instituted in the name of Franklin J. Spencer was, in fact, instituted by plaintiff in error in person, under that name, and that both suits were instituted as a means whereby to enable plaintiff in error and one or more of his co-defendants to obtain this property. On the question of the indebtedness of Mary Wagner there was a conflict of evidence. There was, also, evidence tending to show that the attachment suit was commenced by Turner of his own volition, and without the knowledge or encouragement of plaintiff in error, and also that the suit in the name of Franklin J. Spencer was not commenced by plaintiff in error, but by another person. If the jury were warranted in finding, on these several matters, in favor of the plaintiff in error, we think it clear their verdict should have been for the defendant, for there is no other theory, warranted by the evidence, upon which there could be a verdict of guilty.

The plaintiff in error asked the court to instruct the jury as follows:

"The court instructs the jury, that if they believe, from the evidence, that on the first day of May, A. D. 1876, the witness Mary L. Wagner was owing to the witness Lederer a balance for rent of the premises previously occupied by her,

at the corner of Desplaines and Washington streets; and they further believe, from the evidence, that she had not paid that balance that was by her so owing to said Lederer, on the 20th day of February, A. D. 1880; and they further believe, from the evidence, that on that day the defendant Trask assigned all of the interest of said Lederer and himself in and to said claim to William L. Turner, and that said Turner, of his own motion, without consultation with the defendant Trask, on the 9th day of July, 1880, commenced a suit by attachment, of *Lederer* v. *Wagner*, before justice Demars, and that up to the trial of said cause said Trask was not advised with or about said suit, and only appeared at the trial of said cause in response to a subpœna, and upon the trial of said cause only testified as to the amount that was due from said Wagner to said Lederer; and they further believe, from the evidence, that said Trask was, on the morning of the 12th day of July, A. D. 1880, in Chicago, and not in Austin, and that he did not appear in Austin on that day and obtain the writ of replevin at the suit of Franklin J. Spencer against M. B. McDonough, their verdict should be not guilty."

The court refused to give the instruction, and plaintiff in error excepted. We think in this there was error. The instruction fairly presented the law on the theory of the case contended for by plaintiff in error, and had a basis in the evidence on which to rest.

For this error the judgment is reversed, and the cause remanded.

*Judgment reversed.*