HENRY WALTON v. THE STATE.

*No. 3361.　Decided October 25.*

**1. Burglary with Intent to Rape.**— To authorize a conviction for burglary with intent to commit rape, the proof must show a burglarious entry of the house and that the intent of the accused was to commit the specific offense of rape. No other intent will suffice.

**2. Same—Charge of the Court—Rape by Force**, as defined by article 528 of the Penal Code, is carnal knowledge of a woman obtained by force, without her consent. "Force," as used in the said article, is such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength

of the parties and other circumstances of the case. This statutory force is an essential constituent of the full and complete substantive offense of rape, and where a party is charged with an intent to commit rape he is charged with intending to use such force, and the jury must be instructed that they must find that he intended to use such force —the charge defining it—before they can convict. Omitting to instruct the jury as to the character of the force necessary to accomplish rape, the charge of the court in this case was insufficient. Note that Willson, J., dissents, and for his views on this question see Brown's case, 27 Texas Court of Appeals, 330.

APPEAL from the District Court of Wood. Tried below before Hon. F. J. McCord.

This conviction was for burglary with intent to rape, and the penalty assessed by the verdict was a term of eight years in the penitentiary.

The rulings of the court on this appeal do not require a statement of the proof adduced on the trial.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a conviction for burglary with intent to commit rape. The most important facts upon which the verdict and judgment rest are that the prosecutrix was a young white girl, about fifteen years of age, and the defendant a negro man who worked on the farm of her father, but slept at his brother's house some distance away; that, as stated by the prosecutrix in her testimony, "Henry Walton came into my room about half past 10 o'clock at night. I was sleeping in the north room of my father's house with my little sister, who is about eight years old, and papa and mamma were sleeping in an adjoining room. I was awakened by some one placing his hands on my person. (witness here places her hand on her privates.) When I awoke I saw the defendant sitting on the side of my bed, his hands on my person. I kicked him off the bed. He then came up towards me again, and I screamed and called papa. Henry Walton then ran and jumped out of the west window." The moon was shining brightly, and the defendant was fully identified by the prosecutrix. She testified that he had raised the window and entered the house through it.

It will be seen that the question to be determined from these facts was the intent of the defendant. Mr. Wharton says: "Intent in burglary, as in other criminal offenses, is to be inferred from facts. If the defendant actually committed a felony when in the house this gives strong inference that his entrance was with intent to commit the felony. Whether the felonious intent be executed or not is immaterial, supposing that it can be inferred. * * * When a man burglariously entered a room in which a young lady was sleeping and grasped her ankle, without any attempt at explanation when she screamed and he fled, this is evidence of

an attempt to commit a rape, and must be submitted by the court to the jury. It is no defense that the intent was impossible of execution or that it was frustrated by extrinsic agencies." 1 Whart. Crim. Law, 8 ed., secs. 811, 812.

But the rule is well settled that in order to warrant a conviction for an intent to commit a particular crime the facts must show that the party intended to commit the substantive offense charged. "In all such instances an intent to do the particular thing attempted is essential to make out the crime. This particular intent must be charged in the indictment and proved as laid; and if there is an absence of the intent as laid at the time the attempt was made a verdict of acquittal must be given, and no other intent, however wicked, nor a general malevolence toward mankind will supply its place. As has been stated, the intention must have been to have committed an entire substantive crime, and anything short of such an intention will not render the act criminal. So, if the intent is abandoned before the attempt is made it will necessarily follow that no crime beyond a possible assault has been committed; but a change of purpose after the attempt has succeeded sufficiently far to constitute the act cognizable under the criminal law will not relieve the accused of the consequences of his act. Thus, one who assaults a woman intending to ravish her commits the offense even though he abandon the intention before he actually accomplishes his previous object. And the same is true if he is frightened away before accomplishing his evil intention. If the intention is abandoned before any attempt is made, or before the act so far as done amounts to an attempt, there is no crime committed; and this is nothing more than the result of the general statement that specific intent must combine with the attempt to constitute the transaction a crime." 9 Crim. Law Mag., p. 163, and authorities cited; Willson's Crim. Stats., secs. 857, 859, 867; Turner v. The State, 24 Texas Ct. App., 12; McCleaveland v. The State, Id., 202; Wood v. The State, 27 Texas Ct. App., 393; Franco v. The State, 42 Texas, 276.

When a party is charged with an intent to do a thing it must be shown or fairly inferred from the facts that his intent was to do specifically the thing in full—that is, in the language of Mr. Bishop, "the offender's purpose must be to commit an entire substantive crime, as if the alleged offense is an assault with intent to commit rape, he must, to be guilty, have meant to use force should it be necessary to overcome the woman's will." 1 Bish. Crim. Law, sec. 731.

In the case in hand the appellant was charged with burglary with intent to commit rape. Two offenses in fact had to be proved—the felonious entry into the house, and the felonious intent to commit rape. But the gist of the offense charged was *the intent* to commit rape. Rape was the substantive crime which he was charged with intending. To warrant his conviction the jury should have been fully informed as to what would be

essential to constitute this substantive crime of rape. For without such knowledge it would be impossible for them to say that he intended that particular thing. In other words, they should be informed that he must have been guilty of intending all that would have been essential to constitute rape had he succeeded in carrying out his intention.

Now, rape by force, as defined by article 528 of the Penal Code, is carnal knowledge of a woman obtained by force without her consent. "Force," as used in said article, is such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case. Penal Code, art. 529. This statutory "force" is an essential constituent of the full and complete substantive offense of rape, and where a party is charged with an intent to commit rape he is charged with intending to use such "force," and the jury must be instructed that they must find that he intended to use such force before they can convict him. See the question fully discussed in Brown v. The State, 27 Texas Court of Appeals, 330; and see also a case of burglary with intent to commit rape, Williams v. The State, decided by this court at the Galveston Term (1890), and reported in 13. Southwestern Reporter, 609.

In addition to the authorities above cited, we quote the following from the Supreme Court of Iowa, in a case of assault with intent to commit rape. They say: "The gist of the offense charged is the intent with which the act was done. Defendant must have intended to commit a rape. To constitute such intent he must have had a purpose not only to have sexual intercourse with the prosecutrix, but must have intended also to use whatever degree of force might be necessary to overcome her resistance and accomplish his object. Rape is defined as the having unlawful carnal knowledge of a woman by force and against her will; and the intent to commit the crime necessarily includes an intent to overcome the resistance of the woman and accomplish the connection by force. The State v. Hagerman, 47 Ia., 151. The jury might well have found that the defendant's purpose was to have carnal intercourse with the prosecutrix. * * * The District Court instructed the jury that they should convict the defendant of assault with intent to commit a rape if they found that he had committed an assault on the prosecutrix and that he intended to have carnal intercourse with her by force and against her will. This instruction is correct as an abstract proposition. We think, however, that the jury should have been more fully instructed as to the degree of force which must have been intended. The abstract statement of the law to the jury does not always enlighten them as fully as is essential, however exact the statement might be." And for error in failing to charge fully as to "force" judgment in that case was reversed. The State v. Canada, (Ia.), 27 N. W. Rep., 288. We do not wish to be understood as holding the evidence in this case sufficient to constitute the crime of which de-

fendant has been convicted. We only hold and decide that the charge is insufficient, and that defendant was entitled to have the law fully charged.

Because the charge in this case did not instruct the jury as to the character of the "force" necessary to be used to accomplish rape, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Willson J., dissents, believing the charge and evidence sufficient.