THE STATE OF IOWA, Appellee, v. JOHN YOHE,
Appellant.

1. **Burglary With Intent to Commit Larceny:** INSTRUCTIONS
TO JURY. On a trial for burglary with intent to commit larceny, the
court defined the crime of larceny, and told the jury to bear in mind
that one of the prominent and main facts in issue was whether the
defendant broke and entered the premises described in the indict-
ment about the time charged therein, and that they were to deter-
mine such main fact by a series of other facts, if. any, proved, etc.
*Held*, that the charge was not open to the objection that it made the
crime of larceny unduly prominent, and induced the jury to think
that there were other than "main facts" which they should seek
for.

2. ———: ———. An instruction to the jury in such case that if they
found that between sunset of a day named and sunrise of the next
day, some one wrongfully broke in and entered the premises referred
to in the indictment, with the intent to commit the crime of
larceny, and that if they in like manner found that at such time
certain coin was taken from said premises, and that such coin was
the next morning found in the possession of the defendant, they
would be warranted in finding that the defendant stole such coin by
breaking and entering said premises, as charged in the indictment,
*held*, not subject to the objection that it directed the jury to convict
if they found the defendant guilty of the crime of larceny.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL,
Judge.

WEDNESDAY, JANUARY 18, 1893.

THE defendant was accused of the crime of burg-
lary, tried, and found guilty, and adjudged to be
imprisoned in the state penitentiary, at hard labor,
for the term of five years. From that judgment he
appeals.—*Affirmed.*

*D. H. Wilson* and *Smith & Clemens*, for appellant.

*John Y. Stone*, Attorney General, *J. T. Beem*, and
*C. Hedges*, for the State.

ROBINSON, C. J.—The indictment charges that on the twenty-third day of July, 1891, the defendant did feloniously, and with the intent to commit the offense of larceny, break and enter the office of the Chicago, Rock Island & Pacific Railway Company, at Ladora, in Iowa county.

I. The appellant claims that the district court failed to instruct the jury properly in regard to the

1. BURGLARY with intent to commit larceny: instructions to jury.

crime of burglary, and that it made the crime of larceny unduly prominent. We do not think that the claim is well founded. The jury were instructed that the defendant was on trial for the crime of burglary, charged to have been committed at the time and place and in the manner alleged in the indictment, and that to warrant a conviction the state must prove, beyond a reasonable doubt, that within three years prior to a date specified the defendant, at the place named, broke and entered an office which belonged to the Chicago, Rock Island & Pacific Railway Company, without color or claim of right so to do; that at that time the office was one in which goods, merchandise, or valuable things were kept for use, sale, or deposit; and that the defendant so broke and entered the office with intent to commit the public offense of larceny. The court then proceeded to define the crime of larceny. That was both proper and necessary. The jury could not have determined whether the breaking and entering, if proved, were done with intent to commit the offense of larceny, without knowing what was required to constitute that offense. In the ninth paragraph of the charge the jury were told to "bear in mind that one of the prominent and main facts in issue is whether defendant broke and entered the office at Ladora, aforesaid, about the time charged in the indictment." It is said that the court erred in not stating that the fact specified was the only one in issue, or at least the

only one of first importance, and that the instruction given would tend to mislead the jury, and induce them to seek after other "main facts." After and in connection with the portion of the charge quoted was the following: "Whether such alleged main fact exists, you are to determine. by a series of other facts, if any, proved, and, if so, which, when associated with the said main fact in question, lead you, as reasonable men, to the conclusion—as direct, as satisfactory, as if it was derived from the positive proof itself—that defendant broke and entered the office as charged in the indictment." Other portions of the charge treat of circumstantial evidence, and of the weight to be given to it. The charge, as an entirety, fully instructed the jury in regard to the necessity on the part of the state of proving the unlawful breaking and entering of the office in order to justify a conviction.

II. The twelfth paragraph of the charge contains the following: "If you are satisfied from the evidence, beyond a reasonable doubt, that some person, between sunset of July 22, 1891, and sunrise of the next day, wrongfully broke in and entered the above referred to office, with the intent to commit the crime of larceny, as above defined, and if you, in like manner, find from the evidence, beyond a reasonable doubt, that at and just after certain coin described by the witnesses was taken from such office, and said coin was the next morning found in the possession of the defendant, then you will be warranted in finding that the defendant stole such coin by breaking and entering said office, as charged in the indictment." It is said that this portion of the charge, in effect, directs the jury to convict if they find that defendant was guilty of the crime of larceny. A consideration of the entire paragraph in which it is found makes it clear that the intent of the paragraph was to instruct the jury that if the office was broken and

entered wrongfully, and coin taken therefrom, as specified, and the coin was found in the possession of defendant the next morning, then the jury would be warranted in finding that defendant stole the coin by means of the breaking and entering charged in the indictment. As thus construed, it is not erroneous. *State v. Jennings,* 79 Iowa, 513; *State v. Rivers,* 68 Iowa, 611, 616; *State v. Golden,* 49 Iowa, 48. The jury could not have understood from it that proof of the stealing of the coin by defendant would alone warrant a verdict of guilty of the crime of burglary.

III. The appellant complains of the fifteenth paragraph of the charge, which instructed the jury in regard to the proof necessary to establish an *alibi.* The language of the paragraph was substantially the same as that approved in *State v. Krewson,* 57 Iowa, 588.

We have examined the entire record with care, but find no ground for disturbing the judgment of the district court. It is, therefore, AFFIRMED.