STATE OF IOWA, V. JOHN HAM, Appellant. ·

**Breaking and Entering: INSTRUCTIONS.** A conviction for burglary may be had, on evidence that hides stolen, by breaking and entering a house in the night-time, were found in the possession of defendant, soon after the breaking.

*Appeal from Floyd District Court.*—HON. P. W. BURR, Judge.

MONDAY, APRIL 13, 1896.

INDICTMENT for burglary. Verdict of guilty, and a judgment, from which the defendant appealed.—*Affirmed.*

*S. W. Woodhouse* and *Ellis & Ellis* for appellant.

*Milton Remley*, attorney general, for the state.

GRANGER, J.—The indictment charges the offense as having been committed by breaking and entering a slaughterhouse, in which were kept, for sale and deposit, meat, hides, tallow, and other goods. The evidence tended to show that some of the hides were stolen from the building, and were afterwards found in the possession of the defendant. The court gave the following instruction: "If you find from the evidence in this case, beyond a reasonable doubt, that the hides mentioned by the witnesses for the state, or any of such hides, were, by some person or persons, stolen from the slaughterhouse mentioned in the indictment, in the night-time, by breaking and entering such building, and you further find that, within a few days thereafter, such hides, or any of them, were found in the possession of the defendant, John Ham,

you would, in such case, be warranted in concluding that the hides, if any, were found in the possession of the said John Ham, by reason of the breaking and entering said building in the night-time, unless the facts and circumstances disclosed by the evidence raise in your minds a reasonable doubt as to whether he did not. honestly come into such possession." The legal conclusion from the instruction is, that if the hides found in the possession of the defendant had recently been stolen from the building, by breaking and entering in the night-time, the jury could, from such facts alone, find the defendant guilty. The instruction is not that the jury should, but that it might, from the fact of such possession, find the defendant guilty. The question was considered, and different holdings on the question compared, in *State v. Jennings*, 79 Iowa, 513 (44 N. W. Rep. 799), and the rule of the instruction sustained. See, also, *State v. Yohe*, 87 Iowa, 33 (53 N. W. Rep. 1088). Following the rule, the judgment is AFFIRMED.