(97 N. W, Rep. 546.)

---

THE STATE OF NORTH DAKOTA *v.* WILLIAM B. TOUGH.

Opinion filed November 4, 1903.

**Indictment Set Aside on Statutory Grounds. Alone.**

    1. The statute (section 8082, Rev. Codes 1899) specifies the grounds upon which an indictment may be set aside on motion of the defendant, and these are exclusive of all other grounds.

**Appearance of an Assistant to State's Attorney, With Consent of the Court, Presumed Lawful, Unless Record Shows Otherwise.**

    2. Where a duly licensed and practicing attorney appeared with and assisted the state's attorney in the prosecution of a criminal case in the district court, with the consent of the presiding judge of the district, it will be presumed, in the absence of a showing to the contrary, that he was rightfully there, either under an order of the court made pursuant to and for one of the causes specified in the statute, or because

of an employment by the county commissioners of the county, with the advice and consent of the state's attorney. If any error was committed by the trial court in overruling defendant's objection to the participation of such attorney in the trial of the case against him, it is not available to defendant, because not made to appear upon the record on his appeal.

### Indictment for Breaking and Entering With Intent to Steal, Includes Entering With Such Intent.

3. An indictment for burglary in the third degree for breaking and entering a railroad car with intent to steal, as defined in section 7406, Rev. Codes 1899, will sustain a conviction for the minor and constituent offense defined by section 7411, Id., of entering a railroad car with intent to steal.

### Sufficiency of Evidence.

4. A conviction for entering a railroad car with intent to steal will be sustained against the objection that the evidence is insufficient to show a burglary, the verdict amounting to an acquittal of burglary.

### Sufficiency of Instructions.

5. Upon a trial for burglary, the accused was charged with breaking and entering a railway car in which property was kept, with intent to steal therein, under section 7406, Rev. Codes 1899, and in defense testified, in effect, that he entered the car to obtain coal, in reliance upon statements made to him by the person who accompanied him and assisted in taking the coal that such person had a license to take coal from the car. Accused was entitled to have the jury instructed, upon his request, as to the statutory definition of larceny, in order that they might be informed that, to convict, they should find he intended all that is essential to constitute larceny.

### Defendant's Testimony as to His Intent—Instructions.

6. A defendant has a right to have an instruction based on his own testimony, and to testify as to his intent.

### Error to Refuse Instructions Based on Defendant's Theory, Warranted by the Evidence.

7. On the trial of a party for burglary with intent to steal, where the evidence upon material points in the case is conflicting, it is error to refuse an instruction for the defendant fairly presenting the law on the theory of the case contended for by him, having a basis in the evidence on which to rest.

Appeal from District Court, Pierce county; *Cowan,* J.

William B. Tough was convicted of entering a railroad car with intent to steal, and appeals.

Reversed.

*George A. Bangs,* for appellant.

At common law a second indictment might be returned, but the practice cannot be sustained in this state. The Code of Criminal Procedure governs all criminal actions. Under our code provisions, it is disclosed that a person charged with crimes cannot be harrassed with repeated indictments. Under section 8033 Rev. Codes, if the grand jury returns no indictment, the case is dismissed; under section 8033, the dismissal does not preclude the court from submitting repeatedly to the grand jury; but without such direction on the part of the court, it cannot be resubmitted. Under section 8081, defendant must either move to set aside indictment, plead thereto, or demur. This he must do to each indictment, or the officers of the court must ignore or refuse to obey the plain provisions of law. By section 8086, if the motion to set aside an indictment is granted, the defendant must be discharged, "unless the court directs that the case be submitted to the same or another grand jury." Under section 8095, if demurrer is sustained, such action is a bar to another unless the court directs that the case be resubmitted to the same, or another grand jury.

There is no room for the returning of a second indictment unless the court resubmit the same to the same or another grand jury. See *People* v. *Clement,* 5 N. Y. Cr. Rep. 288.

The court erred in sustaining objections to questions tending to elicit proof of the course of dealings between Lockwood and defendant, respecting the purchase and delivery of coal from cars on the track. *Robinson* v. *State,* 53 Md. 151, 36 Am. Rep. 399; *State* v. *Shores,* 31 W. Va. 491, 7 S. E. Rep. 413, 13 Am. St. Rep. 875; *Charles* v. *State,* 36 Fla. 691, 18 So. 369; *State* v. *Carpenter,* 1 Hous. Cr. Cases, 367; Abbott's Trial Brief, criminal cases, section 392, 608, 609, 610, 611; *State* v. *Waltz,* 52 Iowa 227, 2 N. W. Rep. 1102.

The defendant cannot be indicted or informed against under section 7406, Rev. Codes, subdivision 2, defining burglary in the third degree, and convicted under section 7411, for entering with intent to commit larceny. *State* v. *Johnson,* 3 N. D. 150, 54 N. W. Rep. 547; *State* v. *Marcks,* 3 N. D. 532, 58 N. W. Rep. 25; *State* v. *Maloney,* 7 N. D. 119, 72 N. W. Rep. 927; *State* v. *Young,* 9 N. D. 353, 82 N. W. Rep. 420; *State* v. *Belyea,* 9 N. D. 353; 83 N. W. Rep. 1.

There was error in the refusal of the court to give the instruction set forth in the opinion, and requested by defendant. The points embodied in the request were proper and were not covered in the general charge. *Walton* v. *State,* 29 Tex. App. 163, 15 S. W. Rep. ·646; *Castanda* v. *State,* 11 Tex. App. 390; *State* v. *Yohe,* 53 N. W. Rep. 1088.

*B. L. Shuman,* State's Attorney, for Pierce county, for respond-·ent.

The grand jury may withdraw an indictment from the files, for amendment without a re-examination. *State* v. *Hasledahl,* 3 N. D. 36, 53 N. W. Rep. 430. One indictment may be substituted for another, for the purpose of formal amendments, where rights of accused are not interfered with. *State* v. *Stebbins,* 78 Am. Dec. 223, 10 Am. & Eng. Enc. of Law, 538, 339, 340 (1st Ed.) Rev. Codes 8048.

Former indictment pending for same offense, no ground for abatement. *State* v. *Security Bank of Clark,* 2 S. D. 538, 51 N. W. Rep. 337. Statements made in one's own interest are self-serving and not a part of the *res gestae,* and are not admissible as evidence. 4 Am. & Eng. Enc. of Law (1st Ed.) 862; *Smith* v. *State,* 85 N. W. Rep. 49.

A party cannot state his own motives directly, for such testimony cannot be directly contradicted. Jones on Evidence, section 167, 351.

Where there is evidence on which instruction as to lower grades of offense can be based, court should give them. *State* v. *Young,* 99 Mo. 666; *Territory* v. *Romero,* 2 N. M. 474; *People* v. *Palmer,* 96 Mich. 580, 55 N. W. Rep. 994; *State* v. *Partlow,* 90 Mo. 608; Blashfield's Instruction to Juries, section 192. Defendant is not prejudiced by instructions as to lower grades, when he has not asked that they be confined to the crime charged. *State* v. *Keele,* 105 Mo. 38; Blashfield's Instructions to Juries, Sec. 192; *State* v. *Johnson,* 8 Iowa 525. Jury may find defendant guilty of an offense included in the one charged, Rev. Codes 8244; *People* v. *Odell,* 1 Dak. 197, 46 N. W. Rep. 601; *Brantly* v. *State,* 61 Pac. Rep. 139; *State* v. *Maloney,* 7 N. D. 119, 72 N. W. Rep. 92.

COCHRANE, J. Defendant was indicted for the crime of burglary in the third degree, under section 7406, Rev. Codes 1899. When arraigned, he moved to set aside the indictment, setting forth as

grounds therefor that (a) the grand jury which returned the indictment was not legally called, in that the district judge, in ordering the jury drawn, did not do so upon a finding that the same was. necessary for the due enforcement of the laws of the state; (b) because at the time of the finding of the indictment another indictment against defendant, for the same offense, returned by the same grand jury, was outstanding and undisposed of. Error is assigned upon the order overruling this motion.

A grand jury can only be drawn and summoned in this state when directed by the district judge by an order in writing, signed by him, and filed with the clerk. That a judge deems the attendance of a grand jury necessary at a term of court is sufficiently evidenced by the order directing it to be called, without any recital of his finding. Subdivisions 2 and 3 of section 7989, Rev. Codes. 1899, furnish a method of securing an order for the calling of a grand jury when the judge might not otherwise order one.

The second ground of defendant's motion to set aside the indictment proceeds upon the assumption that the grand jury exhausted its authority as to the burglary charge against defendant when the first indictment was returned into court, and that it could not return a second indictment until the first had been set aside by the court, either upon motion or on demurrer, and the case ordered. resubmitted by the court. This objection to the indictment is not. one of those specified in the statute which may be made by motion to set the indictment aside. Section 8082, Rev. Codes 1899, provides that an indictment must be set aside by the court in which the defendant is arraigned upon his motion: "(1) When it is not. found, indorsed and presented or filed as prescribed by this Code.. (2) When the names of the witnesses examined before the grand. jury are not inserted at the end of the indictment or otherwise exhibited thereon. (3) When a person is permitted to be present. during the session of the grand jury, while the charges embraced. in the indictment are under consideration. (4) When the defendant had not been held to answer before the finding of the indictment,. on any ground which would have been good ground for challenge, either to the panel or to any individual grand juror." The courts. of several states where there are similar statutory provisions hold. that the enumeration in the statute of the grounds upon which an. indictment will be set aside excludes all others. *State* v. *Security Bank,* 2 S. D. 538, 51 N. W. 337; *People* v. *Southwell,* 46 Cal. 141;.

*People* v. *Schmidt,* 64 Cal. 260, 30 Pac. 814; *State* v. *Whitney,* 7 Or. 386; *State* v. *Justus,* 8 Pac. 337, 50 Am. Rep. 470; *State* v. *Baughman* (Iowa) 82 N. W. 452; *People* v. *Petrea,* 92 N. Y. 128. The motion was properly overruled.

Error is assigned upon the fact that P. J. McClory was permitted to participate in the trial of the case as assistant to the state's attorney, over defendant's objection. The reason assigned in his objection by counsel for appellant was "that the cause, if any existed, for the appointment of Mr. McClory as special prosecutor in this case, has passed over; that the duly elected, qualified, and acting state's attorney of the county of Pierce is now able to take charge of his duties, and has been present in this courtroom, and assisted in the trial of the case up to this time." The statute (chapter 178, p. 234, Laws 1901) upon which counsel relies provides that the state's attorney, as public prosecutor, must attend the district court, and conduct, on behalf of the state, all prosecutions for public offenses. It declares the intent of the act to make the attorney general, his assistants, and the state's attorney the only public prosecutors in all cases, civil and criminal, wherein the state is a party, and that they only shall be authorized to perform the duties set forth in the act, except as in the act provided. When the state's attorney refuses or neglects to draw indictments and informations (or to perform other enumerated acts, of no materiality to the point under consideration), the judge of the district court may, by order entered on the minutes of the court, appoint a suitable attorney at law, who shall be thereupon vested with all the powers of the state's attorney for that action. The act also provides "that nothing therein shall prevent the county commissioners of any county, in cases of public importance, with the advice and consent of the state's attorney, employing such additional counsel as may be deemed advisable to assist the state's attorney." It does not appear how or in what manner Mr. McClory's services were secured. The language of counsel's objection would indicate that an order of court was made appointing Mr. McClory to take charge of the prosecution. It was presumptively made upon the statutory ground. If the order was made without legal authority, or if no order was in fact made, the error, if any, should be made affirmatively to appear. It will not be presumed. *State* v. *Campbell,* 7 N. D. 64, 72 N. W. 935; *State* v. *Maloney,* 7 N. D. 122, 72 N. W. 927; *State* v. *Haynes,* 7 N. D. 70, 72 N. W. 923. There is nothing to show that Mr. McClory

was not employed by the county commissioners upon the advice and consent of the state's attorney.

The indictment was drawn under section 7406, subd. 2, Rev. Codes 1899, and charged the defendant with the crime of burglary in the third degree, committed by breaking and entering in the nighttime a railroad car, in which property was kept, with intent to steal therein. The jury were instructed that: "The indictment, in addition to charging burglary in the third degree, also charges, as lesser offense, the offense of entering a railway car with intent to commit larceny; that is, with the intent to steal coal. Stealing of coal is larceny. In the crime last referred to you will notice that the element of breaking into the car is omitted, so that, if the jury has a reasonable doubt of the defendant's breaking into the car in question, the jury may consider the lesser crime, and say by its verdict whether he entered the car with intent to steal coal." The jury returned a verdict in the following language: "We, the jury, find the defendant guilty of the crime of entering a railroad car with intent to commit larceny, as charged in the indictment." Appellant excepted to these instructions, and now challenges the verdict as illegal, and not responsive to the indictment. Section 7411, Rev. Codes 1899, upon which this verdict is based, declares: "Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel or other structure or erection with intent to commit any felony, larceny or malicious mischief, is guilty of a misdemeanor." Section 8244, Id., permits the jury to find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information. The only element of burglary in the third degree defined in subdivision 2, section 7406, and charged in the indictment, which is wanting in the statutory misdemeanor of which defendant was found guilty, is the "breaking." Strike from the indictment the word "break" where it appears in the charging part of this accusation, and there remains a good charge of the misdemeanor defined in section 7411, Id. This is the test applied by the Court of Appeals of New York, from which the statutes under consideration were taken. *People* v. *Meegan*, 104 N. Y. 529, 11 N. E. 48. The charge of breaking and entering a railroad car with intent to steal of necessity includes the charge of entering the railroad car with intent to steal. *State* v. *Maxwell,* 42 Iowa 213. The

verdict returned operated as an acquittal of the burglary charged. *State v. Johnson,* 3 N. D. 151, 54 N. W. 547; *State v. Maloney,* 7 N. D. 126, 72 N. W. 927. But the indictment charges every element of the statutory misdemeanor without being duplicitous. *State v. Climie* (N. D.) 94 N. W. 574. It is sufficient to sustain the judgment, the same as though the indictment had in express terms charged the offense named in section 7411, Rev. Codes 1899, and nothing else. *State v. Johnson,* 3 N. D. 150, 54 N. W. 547; *People v. English,* 30 Cal. 218; *Mulloy v. State* (Neb.) 78 N. W. 525.

It is specified for error that the evidence is insufficient to sustain the verdict, in that there was no evidence of a burglarious intent on the part of defendant in entering the car. The verdict acquitted defendant of the burglary, thus giving him the benefit of this point. The intent found was an intent to steal.

Appellant assigns error upon the refusal of the court to give the following instruction, requested by him: "I charge you, gentlemen of the jury, that, in order to obtain at your hands a verdict of guilty, the state must establish by competent evidence to your satisfaction beyond a reasonable doubt every essential element of the crime of burglary. One of the essential elements of the crime of burglary, as charged in this indictment, is that, after breaking by force the car described in the indictment, under circumstances such as would constitute a burglarious breaking under the instructions already given you, the defendant entered into such car with intent to steal the coal therein contained. This intent to steal thus required to be established by the state to your satisfaction beyond a reasonable doubt on the part of the defendant at the time of breaking and entering the car must have been the intent on the part of the defendant to take, steal, and carry away the coal in said car contained, without the consent of the owner, and with the intent to deprive him thereof; such taking, stealing, and carrying away to be accomplished by fraud and stealth. If, therefore, the defendant's intent at the time of entering said car, or at the time of forcibly breaking the same, if you find he did so forcibly break the car under the instructions already given you, was not to steal the coal therein contained, but that such entry was made under the belief that he had a right to take the coal, or if you have a reasonable doubt that it was his intent to steal the coal, then your verdict must be not guilty." The substance of this request is not covered by the charge given.

It was applicable to the facts as testified to by the defendant, and its refusal was error.

The defense was centered upon the proposition that the defendant did not intend to steal the coal taken from the Great Northern car; that he went with one Marcus Coons to get the coal upon the representation made to him by Coons that one Kilpatrick had a car partly loaded with coal in the yard, out of which he (Coons) thought it would be all right to take coal; that he did not know the car entered contained coal of the railway company; and that he would not have entered the car had he known the coal therein belonged to the railway company. True, the evidence does not disclose that Coons gave him any reason why he thought himself entitled to take Kilpatrick's coal, but defendant was asked, when on the stand, the following question: "Q. Mr. Tough, whose car of coal did you suppose the car to be at the time you went into it?" This question was objected to by the state's attorney as incompetent, irrelevant, immaterial, and no foundation laid for the proof. The objection was sustained by the court, and defendant was not permitted to answer. He reserved an exception, and error is assigned upon the ruling. In view of the defense made, defendant was entitled to show that his motive was an innocent one in entering the car, and that he was under a mistake of fact in entering it. *State* v. *Waltz,* 52 Iowa 227, 2 N. W. 1102; *State* v. *Shores* (W. Va.) 7 S. E. 413, 13 Am. St. Rep. 875, 885; *Robinson* v. *State, 36* Am. Rep. 399; Abbott's Crim. Briefs (2d Ed.) 671. Bishop thus states the rule of law for the application of which defendant contends: "The wrongful intent being the essence of every crime, it necessarily follows that whenever one is misled without fault, or carelessness concerning facts, and, while so misled, acts as he would be justified in doing were they what he believes them to be, he is legally innocent, the same as he is innocent morally." 1 Bish. Crim. Law, section 303. The Supreme Court of Florida say: "That the law deals only with the intention, and that a man is not to be punished when he has no guilty intention and acts in good faith, and with an honest belief, although he may not have acted as a reasonable and prudent man in having such faith and belief." *Charles* v. *State* (Fla.) 18 South. 369. Whether or not defendant was careless or without fault in acting on Coons' suggestions, and the questions whether he in fact acted on what Coons told him, or whether Coons in fact told him what he claims, were questions for the jury to decide upon proper in-

structions. The state, under the charge contained in the indictment, imposed on itself the duty of establishing every element of the offense therein set forth. Defendant was accused of breaking and entering the railway car described, in which property, towit, coal, was kept, which coal was the property of the Great Northern Railway Company, with the intent in him, the said William B. Tough, to steal therefrom the said coal. The intention to steal coal was a substantive part of the offense to be proven, and the word "steal" has a legal signification. To steal is to commit larceny. Larceny is defined as "the taking of personal property, accomplished by fraud or stealth, and with intent to deprive another thereof." Section 7445, Rev. Codes 1899. Defendant was entitled to have this definition of the word "steal" given in charge to the jury, so that they could apply the evidence to the charge with a full understanding of its meaning, and say whether defendant, in entering the car and taking the coal, did intend by fraud and stealth to take the property of the Great Northern Railway Company, and deprive it thereof, or to take the coal of Kilpatrick, which Coons had license to take. In *Walton* v. *State,* 29 Tex. App. 163, 15 S. W. 646, the defendant was charged with burglary with intent to commit rape. The court there said: "The gist of the offense charged was the intent to commit rape. Rape was the substantive crime which he was charged with intending. To warrant his conviction, the jury should have been fully informed as to what would be essential to constitute this substantive crime of rape, for without such knowledge it would be impossible for them to say that he intended that particular thing. In other words, they should be informed that he must have been guilty of intending all that would have been essential to constitute rape had he succeeded in carrying out his intention." In *State* v. *Yohe,* 87 Iowa 33, 53 N. W. 1088, the defendant was charged with burglary with intent to commit larceny. It was there held that it was the duty of the trial court to define larceny to the jury. The court said: "That was both proper and necessary. The jury could not have determined whether the breaking and entering, if proven, were done with the intent to commit the offense of larceny, without knowing what was required to constitute that offense." See, also, *Stinnett* v. *State* (Tex. Cr. App.) 24 S. W. 908; *Castenada* v. *State,* 11 Tex. App. 390. The jury were instructed in this case that "burglary, as charged in this indictment, was committed if the defendant, Tough, broke and entered the railway car referred

to in the indictment in which the coal was kept, with the intent to steal such coal"; and "as to intent I charge you that the word 'intent,' as used in the indictment and in these instructions, simply means 'purpose,' and the intent of the defendant in breaking and entering into the car is to be gathered from a careful consideration of the evidence, and all the facts and circumstances of the case." This instruction did not convey to the jury the impression that the intent to steal necessarily involved an unlawful taking against the will of the owner, and without claim of right on the part of the taker. As said by the Missouri court, "The instruction given lacked completeness, and was therefore faulty." *State* v. *Moore*, 101 Mo. 328, 14 S. W. 182. The requested instruction would have made good the deficiencies in the instructions given by the court. The defendant was entitled, when the court undertook to define the elements of the offense which it was necessary for the state to prove, to have them fully stated without omission. *State* v. *Green* (Mont.) 39 Pac. 322; *Barnes* v. *State*, 40 Neb. 545, 59 N. W. 125; *Hix* v. *People,* 157 Ill. 382, 41 N. E. 862; 11 Enc. Pl. & Pr. 206. And he was also entitled to have this request given because it was applicable to his theory of defense and his testimony in the case. *State* v. *Partlow,* 90 Mo. 608, 626, 4 S. W. 14, 59 Am. Rep. 31; *Trask* v. *People,* 104 Ill. 569.

For the error in refusing this request, the judgment of conviction should be, and the same is, reversed, and a new trial ordered. All concur.