ALFRED GUY, Appellant, vs. THE STATE OF .KANSAS, Appellee.

*Semble* that an objection to an indictment commencing as follows: "In the second judicial district, sitting in and for the county of Doniphan, March term, 1862. The State of Kansas vs. Alfred Guy : Indictment. The jurors of the grand jury selected, empannelled and sworn in and for the body of said county, charged to inquire of offenses committed within the said county, in the name and by the authority of the state of Kansas, upon their oaths do present and find that Alfred Guy," &c., on the ground of its omitting to set forth that the grand jury were of the county of Doniphan, is not well taken.

*Held*, that such an omission is not one of the causes specified in section two hundred and sixty, criminal code for the arrest of judgment, and not available in a motion under that section.

*Held*, that an assault and battery is not indictable.

Where the appellant was indicted for an assault with intent to kill, and convicted of an assault, the finding was in conformity with section one hundred and seven of the criminal code, and not in conflict with section two hundred and ninety-eight of the act for the punishment of crimes.

*Held*, that an assault is an offense of an inferior degree to an assault with intent to kill.

COBB, C. J., dissenting, *contended* that the district court has no jurisdiction to try criminal cases for assault.

The facts of the case appear in the opinion of the court.

*Albert Perry*, for appellant.

This cause is brought into this court by Guy, who urges as grounds of error :

*First.* The overruling of his motion in the arrest of judgment.

*Second.* That the indictment is insufficient in law to maintain said action.

Our objection to the deficiency of the indictment is this: That it does not appear that the indictment was found by a grand jury of the county. The ninety-fifth section of the code of criminal procedure provides " that an indictment shall

be sufficient (among other requisites) if it can be understood that it was found by the grand jury of the county in which the court is held." There is no such averment in this indictment; and it is only averred, "The jurors of the grand jury *selected, empanelled* and sworn in and for the body of the said county."

The plaintiff was found guilty for an assault, and assessed to pay a fine of one dollar. The two hundred and ninety-eighth section of the act regulating crimes and punishments declares that assaults and batteries are not indictable offenses, but shall be punished in a summary manner before justices of the peace, in conformity to the act regulating proceedings of justices of the peace in case of breach of the peace. It may be argued that the present act regulating the proceedings of justices of the peace in such cases become a law subsequent to the act regulating crimes and punishments, (*Comp. Laws*, *p.* 654,) confer upon the district courts jurisdiction; but if jurisdiction can be conferred by implication, (which he argues not,) jurisdiction is not conferred by this act, because the act declares that such jurisdiction is conferred (if at all) only in cases where the fine is imprisonment, or the damages sustained is at least one hundred dollars; neither of which cases is this.

In civil cases the amount of the judgment determines jurisdiction, and settles questions of cost. If a party sue in the district court for an amount over one hundred dollars and recovers judgment for an amount less than one hundred dollars, the costs do not follow the judgment, but are taxed to the party bringing the case in the error court.

It may be urged that the crime of which the plaintiff was convicted is of the same nature but of a different grade of the same offense charged in the indictment, and the statute (*Code Crim. Pro.*) authorizes conviction, and that such is this case. But this reasoning cannot avail here, because the statute

29

has separated this offense from those of a higher grade, and made it triable by another court.

If such a doctrine should prevail, as the above, a party in every case of an assault or an assault and battery might be defrauded of a summary trial before a justice of the peace, by an indictment charging with a higher crime than an assault or an assault and battery. A party might select his court by charging in his complaint an amount, regardless of the judgment, and the court compelled to take jurisdiction of the case by the wrongful act of the party.

It is a well settled principle in the construction of statutes, that such construction shall be given them, if possible, as will harmonize them, that both may stand. A different one than that here urged as the proper construction, defeats the intent of the legislature in the act regulating crimes and punishments. All of which is respectfully summitted.

*W. W. Guthrie*, Attorney General, for the State.

I. The indictment is sufficient; it being headed, " district court, county of Doniphan, ss. In the second judicial district sitting in and for the county of Doniphan, March term, 1862. The state of Kansas against Alfred Guy: Indictment;" and stating " the jurors of the grand jury selected, empannelled and sworn in and for the body of the said county, charged to inquire of offenses committed within the said county in the name and by the authority of the state of Kansas," &c., sufficiently states the competency of the grand jury presenting the bill.. (*P.* 251, §§ 95, 96.)

II. Guy was indicted for " assault with intent to kill," a crime necessarily embracing that of the lesser degree of " assault."

Statute (*p.* 266, § 207, *and p.* 347, § 285,) expressly provides for conviction for offenses of lower degree than that charged in the bill.

" Assault with intent to kill," is felony only indictable in district court. (*P.* 345, § 299, *and p.* 454, § 1.) Assault is

an inferior degree of such offense, and conviction thereof upon indictment " to kill " is authorized by statutes before cited.

Section two hundred and ninety-eight, page three hundred and forty-five, has no legal effect—the statute referred to not existing until seven days after. Therefore at that time there was no law providing punishment for that crime except in that chapter.

Further, the act of later enactment (p. 654) expressly provided that assaults should be indictable, and necessarily repealed section two hundred and ninety-eight, page three hundred and forty-five.

Further, act of page six hundred and fifty-four is unconstitutional, as providing two punishments for same offense.

III. Case presented of record is error of district court in overruling motion in arrest of judgment. Statute (p. 274, § 260,) does not permit motion for cause stated by defendant.

And further, the cause stated did not affect the record, as Guy was indicted not for " assault," but for " assault with intent to kill."

The court did not inquire if defendant had ground for the motion; but should motion, on the hearing, be sustained?

By the Court, KINGMAN, J. The appellant was indicted in the Doniphan district court for an assault with intent to kill one Ephraim Kelly. He was tried and convicted of an assault and assessed to pay a fine of one dollar.

After verdict, and before judgment, the appellant moved the court to arrest the judgment, on the ground that an assault is not indictable, which motion was overruled and judgment was pronounced against the appellant, from which he appeals to this court.

The errors assigned are :

First. That the indictment is insufficient.

Second. That the court erred in overruling the motion for arrest of judgment.

No question was made in the court below as to the sufficiency of the indictment, and whether it is not now too late to urge that point may well be doubted; but as that point was not argued, and it is not necessary to pass upon it in this case, it will not be decided. The indictment is manifestly good upon either of the two grounds for which a motion in arrest of judgment can be made, and this court will not certainly go further than the court below could have gone after verdict.

The alleged error in the indictment is, that it does not state that it was found by a grand jury of the county.

The indictment is as follows:

"In the second judicial district sitting in and for the county of Doniphan.

"The State of Kansas ⎱
        *vs.*            ⎬ Indictment.
  " Alfred Guy.        ⎰

" The jurors of the grand jury selected, empannelled and sworn in and for the body of said county, charged to inquire of offenses committed within the said county, in the name and by the authority of the state of Kansas, upon their oaths do present and find that Alfred Guy," &c.

The defect alleged in this indictment is, that it does not appear from the face of the indictment that it was found by a grand jury of the county in which the court is held. The omission to set forth that the grand jury were of the county of Doniphan seems not well taken, when the name of the county is correctly laid in the margin, as in this case. At common law it does not seem to have been the practice to repeat the name of the county in the caption, but only to refer to the name in the margin as in the said county. (*See Whar. Cr. L., p.* 224, *and authorities there cited; Archbald's Cr. Pl., p.* 76.)

But if it be a defect, it is clearly not one which can be taken advantage of on motion in arrest of judgment.

Only two causes are specified in our code for the arrest of judgment, and this is not one of them. (§ 260 *Criminal Code.*)

The second error alleged is that the court had no jurisdiction of the offense.

Section two hundred and ninety-eight of the crimes and punishment act provides that assaults and batteries are not indictable, but shall be punished in a summary manner before a justice of the peace, in conformity to the act defining the jurisdiction and regulating the proceedings of justices' courts in cases of breaches of the peace.

The justices' act neither confines the jurisdiction to justices, nor confers it upon the district court. It only provides, so far as this point is concerned, that nothing in that act shall prevent a prosecution of such assault and battery, or affray, by indictment in the courts having criminal jurisdiction. This gives the court no jurisdiction, for it is not in that act that the prohibition is found, but in the act for the punishment of crimes. This leaves it clear to my mind that an assault and battery is not indictable in the district court.

The one hundred and seventh section of the code of criminal procedure is as follows:

"Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense."

In this case the appellant was indicted for an assault with intent to kill, and convicted of an assault—an inferior degree of the same offense.

This finding is in admitted conformity with the section just quoted, and we think not in conflict with section two hundred and ninety-eight of the act for the punishment of crimes.

Guy *v*. The State of Kansas.

That section provides that assaults and batteries are not indictable, but does not declare that the district court has not jurisdiction. When, therefore, the offense charged is one properly presented in the district court, and including the minor offense, no violence is done to either provision by finding the accused guilty of an assault. The object of the provision in section two hundred and ninety-eight is undoubtedly to save expense and prevent the docket of the district court from being cumbered by cases of a trifling character.

The grand jury may have such evidence before them as justifies an indictment for an assault with intent to kill, while upon the trial it would only be sufficient to justify a verdict of guilty of assault. The time of the court has been occupied and the costs incurred already, and it would be a saving of both time and expense to let the verdict be found for the offense proven.

This interpretation gives force and effect to both of the provisions quoted, and tends to facilitate the administration of justice.

The decision of the court below is affirmed, with judgment for costs against the appellant, in this court.

BAILEY, J., concurring.

COBB, chief justice, dissented, holding that the district courts have no jurisdiction to try criminal cases for assault.