The People of the State of New York, Respondent, *v.* James Meegan, Appellant.

Where, upon the trial of an indictment for burglary, the "breaking," which is the essential element of that crime, was established by uncontradicted evidence. *Held,* that it was not error for the court to refuse to charge the jury that they might convict of misdemeanor, under the provision of the Penal Code (§ 505), declaring a person guilty of a misdemeanor who enters a building under circumstances, or in a manner not amounting to a burglary, for the purpose of committing a felony, larceny, or any malicious mischief.

Also *held,* such a refusal to charge was not error, where a modification of the indictment by striking out the characteristics of burglary would not have left an adequate description of the misdemeanor,

(Submitted February 4, 1887, decided March 1, 1887.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order

made May 10, 1886, which affirmed a judgment of the Court of Sessions in and for the county of Queens, entered upon a verdict convicting defendant of the crime of burglary in the first degree.

The facts, so far as material, are stated in the opinion.

*Benj. W. Downing* for appellant.

*Thomas F. McGowan,* district attorney, for respondent. The offense proven was buglary in the first degree. (Penal Code, § 496.) The omission of defendant's name in the indictment is immaterial, he is named before and after such omission, and is sufficiently named. (Code of Crim. Pro., §§ 284, 285, 764.)

FINCH, J. The prisoner was indicted for burglary in the first degree. The evidence showed that with two or three confederates he broke into an inhabited dwelling-house and held, or aided in holding, one of the inmates while one of his companions attempted to commit a rape upon a female therein residing. The defendant himself testified, admitting his presence in the house and practically denying nothing. The trial court was asked to charge the jury that they might convict the prisoner of a misdemeanor, under section 505 of the Penal Code. The request was refused and an exception was taken. The jury found the defendant guilty of burglary in the first degree. The learned trial judge read to the jury the definitions of burglary in each of its three degrees, after having told them that if they doubted as to the greater offense they might convict as to the lesser. He called their attention then to the provisions of section 505, adding " I have now called your attention to all the provisions of the statute which relate to the offense charged in the indictment, and to the particular degrees of that offense." It would seem from his language that he treated section 505 as a lesser degree of the offense charged, and gave to the prisoner the benefit of the doctrine which his counsel invoked. But if his subsequent refusal to charge imports the contrary he com-

mitted no error.   Nothing in the facts proved warranted a conviction for the misdemeanor.   The proof, without contradiction, established all of the elements of burglary in the first degree.   There was no room for any possible conclusion upon the evidence that any opening to the house was unclosed or that the entrance was effected without a "breaking."   The defendant makes no such pretense.   He only says that he was in such a state of intoxication that he did not know how entrance to the house was effected.   The "breaking," which constitutes the essential element of the crime of burglary, stood, therefore, in the case an uncontradicted fact, and since, under section 505, the lesser offense of a misdemeanor could only exist where the entry into the building was "under circumstances, or in a manner not amounting to a burglary," the trial court was certainly authorized to decline a charge to the jury that they might convict of a misdemeanor.   That would have been to tell them that they might disregard clear and definite testimony, not only unimpeached but entirely without contradiction.   It may be added, also, that no modification of the indictment, by striking out the characteristics of burglary in any or all of its degrees, would have left an adequate description of the misdemeanor.   That offense involves an intent to commit a felony, or a larceny, or malicious mischief, accompanying the entry.   The only allegation of intent in the indictment is "to commit some crime."   (Code Crim. Pro., §§ 444, 445 ; *Dedieu* v. *People*, 22 N. Y. 178.)   It is clear, therefore, that the exception was unfounded.

No other questions require discussion.

The judgment should be affirmed.

All concur.

Judgment affirmed.