COOTE MULLOY v. STATE OF NEBRASKA.

FILED MARCH 8, 1899. No. 10476.

1. **Information: CONVICTION OF LOWER OFFENSE.** An information will sustain a conviction of a lower offense involved in that charged.

2. ———: ———: **ASSAULT.** An information for an assault with intent to commit great bodily injury, framed under section 17*b* of the Criminal Code, will sustain a conviction for an assault and battery, when the information discloses, by proper averments, that such minor offense was in fact included in the commission of the one charged.

3. ———: ———. Section 487 of the Criminal Code is not confined in its application to prosecutions for crimes for the punishment of which the statute had then made provision, but extends as well to prosecutions for offenses subsequently created.

4. ———: ———. Under said section, where the crime charged embraces different degrees,—that is, includes one or more lesser offenses,—the accused, when justified by the evidence, may be convicted of any one of the lesser degrees or offenses.

ERROR to the district court for Box Butte county. Tried below before KINKAID, J. *Affirmed.*

*G. M. Sullivan,* for plaintiff in error:

Under a charge that accused committed an assault with intent to inflict great bodily injury he cannot be convicted of assault and battery. (*Smith v. State,* 34 Neb. 689; *State v. McDevitt,* 29 N. W. Rep. [Ia.] 461; *State v. McAvoy,* 35 N. W. Rep. [Ia.] 631; *Turner v. Muskegon,* 50 N. W. Rep. [Mich.] 310; *Territory v. Dooley,* 1 Pac. Rep. [Mont.] 747; *State v. Marcks,* 58 N. W. Rep. [N. Dak.] 25.)

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General,* for the state.

References: *Murphey v. State,* 43 Neb. 34; *State v. Graham,* 52 Ia. 720; *State v. Schele,* 52 Ia. 608; *State v. White,* 45 Ia. 325; *Whitner v. State,* 46 Neb. 144.

NORVAL, J.

The essential part of the information filed by the county attorney in the district court of Box Butte county, and upon which the defendant in this case was tried and convicted, charged "that one Coote Mulloy, on the 11th day of January, in the year of our Lord one thousand eight hundred and ninety-seven, in the county of Box Butte and state of Nebraska, in and upon one William Mitchell, then and there being, unlawfully, feloniously, and purposely did make an assault on the said William Mitchell, and did strike, beat, and wound the said William Mitchell, with the intent of him, the said Coote Mulloy, to inflict a great bodily injury on the person of the said William Mitchell, contrary," etc. The defendant was found guilty of an assault and battery. Motions in arrest of judgment and for a new trial were made and overruled, and the court thereupon sentenced the defendant to pay a fine of $45 and the costs of prosecution. He has brought the case to this court for review.

The court below instructed the jury that they might find the defendant guilty of assault and battery, if justified by the evidence. It is insisted that this constituted

reversible error, for the alleged reason the information is insufficient to permit the conviction of the defendant thereunder of the offense of which he was found guilty. The information was framed under section 17b of the Criminal Code, which declares: "That if any person assault another with intent to inflict a great bodily injury, he shall be punished, on conviction thereof, by imprisonment in the penitentiary for not less than one (1) year, nor more than five (5) years." It is very evident that the offense for which punishment is provided in said section necessarily includes a simple assault. The proposition is too plain to admit of discussion, and is well sustained by the authorities. (*Orton v. State,* 4 Greene [Ia.] 140; *Bryant v. State,* 41 Ark. 359; *Lewis v. State,* 33 Ga. 131; *People v. Warner,* 53 Mich. 78; *State v. Grimes,* 29 Mo. App. 470; *Guy v. State,* 1 Kan. 448; *State v. Triplett,* 52 Kan. 678; *Stewart v. State,* 5 O. 241.)

But it is strenuously urged that the offense described in said section 17b does not comprehend the lesser offense of assault and battery, and hence the conviction of such lesser offense was unauthorized. The statute, we have seen, embraces a simple assault, since the offense provided for by the section cannot be committed where no assault has been made, but might be perpetrated without a battery. While the section quoted does not necessarily comprehend a battery, it does include it in every case where the assault with the intent to commit great bodily injury is accompanied by a battery. This must be so, else there could be no conviction of the offense described in the section of the Criminal Code under consideration when the felonious assault is accompanied with, or followed by, an actual battery. It will be observed that the information before us charges not only an assault, but in express terms states that the defendant did "strike, beat, and wound" the prosecuting witness in the commission of the felonious assault. The offense charged is within the purview of the statute, and it is a well recognized principle of law that an information for a higher offense

will support a conviction of a lower offense embraced in a higher one. (Criminal Code, sec. 487; *Curry v. State*, 4 Neb. 545; *People v. Odell*, 1 Dak. 197; *Tyra v. Commonwealth*, 2 Met. [Ky.] 1; *Bolding v. State*, 23 Tex. App. 172; *State v. Schele*, 52 Ia. 608; *People v. Prague*, 72 Mich. 178.) The crime set forth in the information is one of a higher grade and greater enormity than the crime of assault and battery. But the greater includes the lesser. As the information contains all the substantial averments necessary to let in proof of an assault and battery, it is sufficient to sustain a conviction of that offense.

In *State v. Johnson*, 58 O. St. 417, it was decided that a conviction for an assault and battery was proper under an indictment charging an injury to the person of another with intent to maim or disfigure.

In *State v. Klein*, 53 Pac. Rep. [Wash.] 364, it was held that where an information for assault with a deadly weapon is sufficient to charge an assault and battery, a conviction may be had for the latter offense.

In *Fleming v. State*, 18 So. Rep. [Ala.] 263, the indictment charged a felonious assault, and it was ruled that the accused could be convicted thereunder for an assault and battery with a weapon.

In *State v. Keen*, 10 Wash. 93, it was decided that actual violence, alleged as a fact in an information for assault with intent to commit rape, will justify a conviction of assault and battery.

Under an indictment for felonious assault it has been ruled that a conviction of assault and battery may be had. (*Chacon v. Territory*, 34 Pac. Rep. [N. M.] 448; *Corley v. State*, 20 S. E. Rep. [Ga.] 212.)

Counsel for the accused cite *State v. McDevill*, 69 Ia. 549, and *State v. McAvoy*, 73 Ia. 557, to support the contention that the information was insufficient to sustain the verdict returned. The first of these cases is to the effect that the offense of assault and battery is not necessarily included in the crime of assault with intent to commit rape. In that case the court refused to instruct the

jury that they might find the defendant guilty of an assault and battery. But that offense was not charged in the indictment, nor was it necessarily included in the crime therein set forth, since there might be an assault with intent to commit rape without an assault and battery. That case is in accord with our views herein. Had it been charged that a battery was committed in attempting to perpetrate the rape, then the indictment would have stated all the elements essential to the offense of assault and battery and warranted a conviction for that offense. This is the effect of *State v. McAvoy, supra,* which was a prosecution for an assault with intent to commit rape, the opinion in the case containing this language: "It was held by this court in *State v. Graham,* 52 Ia. 720, that while assault and battery is not necessarily included in the crime of assault with intent to commit murder, still, as it was charged in the indictment that the assault was accompanied with actual violence to the person of the one assaulted, the defendant was properly convicted of assault and battery. But the defendant can be convicted of an offense distinct from the one specifically charged in the indictment only when such offense is an essential element of that charged, or when it is shown by proper averment in the indictment that a minor offense was in fact included in the perpetration of the one charged. The crime of assault and battery is not necessarily included in an assault with intent to commit rape; for that offense might be committed without doing any actual violence to the person of the one assailed, although in the majority of cases, perhaps, an actual battery is involved in the commission of the offense. To justify the conviction of assault and battery, then, on an indictment charging an assault with intent to commit rape, it must be averred in the indictment that the attempt was accompanied by some actual violence to the person of the woman." The information in the case at bar contains all averments essential to charge the offense of assault and battery, and therefore a conviction for that offense was permissible.

(*State v. Hutchison*, 64 N. W. Rep. [Ia.] 610; *State v. Maloney*, 72 N. W. Rep. [N. Dak.] 927.)

*Turner v. Muskegon*, 50 N. W. Rep. [Mich.] 310, cited by counsel for defendant, is not in point here. There the accused was charged with an assault with intent to do great bodily harm, and he was convicted of an assault and battery. The prosecuting attorney, after verdict, asked leave to amend the information by inserting appropriate language charging a battery, and the same not having been granted, a mandamus was applied for. The writ was denied. The court, in its opinion, say: "The offense for which the respondent was tried is a statutory offense, and does not include the lesser one of battery. There is no charge in the information of the respondent having committed a battery, and no one can be convicted of an offense which is not charged in the information, where the elements of the offense are not embraced in some greater offense charged. * * * It is plain that the information could not be amended so as to include the offense for which the jury convicted the respondent. The statute allows certain amendments to be made before the jury are sworn, and also others enumerated after verdict, but an amendment of this nature is not one which the statute permits." That case is distinguishable from the one at bar, in that the information therein failed to charge a battery, while all the elements constituting that offense are plainly set forth in the information before us.

*State v. Marcks*, 58 N. W. Rep. [N. Dak.] 25, and *Territory v. Dooley*, 1 Pac. Rep. [Mon.] 747, to some extent sustain the position for which contention is made by defendant's counsel, but we decline to follow in the direction they seemingly point. On principle, as well as authority, the conclusion is irresistible that the information authorized the verdict returned by the jury.

It is argued that the offense created by section 17*b* is a new and independent crime, not consisting of different degrees, within the meaning of section 487 of the Criminal Code, and therefore the accused, if not convicted of

Mulloy v. State.

the specific offense charged, must be acquitted. It is true said section 17*b* was enacted subsequent to the balance of the Criminal Code, and created a new and substantive offense (*Smith v. State*, 34 Neb. 689); but it does not follow that the provisions of said section 487 of the Criminal Code are not applicable to prosecutions like the present one. Said section provides: "Upon an indictment for an offense consisting of different degrees the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto," etc. The language quoted does not by any fair interpretation limit the operation of the section to the prosecutions instituted for crimes for the punishment of which provision at the time of its adoption had been made by statute. It is applicable to an indictment or information for any offense embracing different degrees; that is, where the greater crime charged includes one or more minor offenses, the jury may find the accused guilty of any minor offense embraced in the one charged in the indictment or information. The crime described in section 17*b* consists in different degrees, within the purview of said section 487. It embraces felonious assault, and also includes assault and battery, when it is alleged and proven that the assault was accompanied by a battery. The felonious assault described in the information comprehends and includes not only the lesser offense of a single assault, but assault and battery as well. This being true, the district court had jurisdiction under the information filed to convict the accused of assault and battery. The motion made to relieve him from the costs made in that court was properly denied.

AFFIRMED.