could recover; and it cannot, therefore, be said that there was an unqualified offer on one side to sell a specific amount of goods, regardless of contingencies, and an acceptance on the other, as it is apparent that plaintiff was advised, in effect, that defendant had orders for most of the invoice of the very goods which defendant offered, and that a fulfillment or acceptance of the order which plaintiff might send depended upon the quantity which plaintiff might order, as well as the time of the receipt of plaintiff's order, and whether the entire invoice had not already been ordered of defendant by its other customers prior to the receipt of plaintiff's order. I think this letter of July 22d bears this construction, and shows that to make a final contract the element of time of the receipt of the plaintiff's order, the quantity which it might order, and whether the defendant had more of the invoice left after accepting orders from other customers received prior to plaintiff's were important elements necessary to be passed upon by defendant before it could be made liable.

Parol evidence is required in this case to determine what amount of orders was received by the defendant prior to plaintiff's, and there is no evidence that the orders received prior to the plaintiff's did not exhaust the entire invoice, or that there was enough bay rum left after filling all prior orders to fill the plaintiff's order. This being so, it renders the letter incomplete and indefinite in a substantial requirement, and parol evidence would have to be resorted to, to explain it, or to show, with reference to other orders sent, what time plaintiff's order was received, or to show that the defendant could have supplied the quantity ordered; and the plaintiff cannot, therefore, recover on the theory that the letter and telegram constituted a complete and positive undertaking.

Judgment for the defendant, dismissing the complaint.

---

## In re SCHLOSSER.

(Surrogate's Court, Westchester County. March 15, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 315*)—DISTRIBUTION OF ESTATE—DECREE OF DISTRIBUTION.

Where all persons interested in a decree of distribution are represented by attorneys at the hearing, and the decree made was by consent of all, one of the persons interested cannot thereafter have the decree reopened because of a mistake by his attorney in the law governing the distribution of estates, as his relief is by appeal from the decree, although Code Civ. Proc. § 2481, gives a surrogate power to open, vacate, modify, or set aside the decree of his court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1305; Dec. Dig. § 315.*]

In the matter of the settlement of the account of Francis Schlosser, administrator of the estate of Elizabeth Schlosser, deceased. Motion to open and modify decree denied.

Emile A. Hassey, for petitioner.

Thornton & Earle, for Lawrence Schlosser, Clara Schlosser, and Marie Hicks.

Wilson & Wallis, for Ralph L. Raymond and others.

MILLARD, S. This is a motion made on behalf of Francis Schlosser, Louis Schlosser, and Bernhard Hoff, first cousins of the deceased, to reopen and resettle decree dated May 4, 1908, and entered May 9, 1908, by changing therein the distribution made of the estate in that decree. The grounds urged in behalf of the motion are as appears from the petition verified November 16, 1908:

"That since the making and entering of said decree petitioner has been informed by his attorney, Emile A. Hassey, and verily believes it to be true, that his said attorney was mistaken as to the law applicable to the distribution of said estate, and that said decree was entered upon the erroneous interpretation of the statute of distributions by his said attorney, in that said attorney was then of the opinion that the law directed the distribution of said intestate's estate to and among her cousins of the first and second degree, and that in said distribution the second cousins took by representation the share of their deceased parent ancestor; that this was the view also held by the other attorneys who appeared in this matter, and the decree herein was prepared and entered by petitioner's attorney accordingly, the said other attorneys assenting thereto; that, as deponent has since been informed by his said attorney, by an amendment to the statute of distribution of intestates' estates, viz., section 2732, subd. 12, of the Code of Civil Procedure, no representation shall be admitted among collaterals after brothers and sisters descendants, which went into effect May 12, 1905, the second cousins of said deceased were barred out and excluded from participating in the distribution of said intestate's personal estate, and that therefore the second cousins of said deceased, namely, Lawrence Schlosser, Clara Schlosser, Marie Hicks, Ralph L. Raymond, Cortland S. Raymond, and Marie A. Zuber, were not entitled to any portion or interest in the personal estate of said Elizabeth Schlosser, deceased, but that the entire personal estate of said decedent is distributable only amongst the first cousins of said decedent."

Whether, as a matter of law, the distribution made in the decree is erroneous and wrong, owing to a mistake in the construction of the law, is to my mind at this time immaterial. The facts are that the decree referred to was presented to the court by the attorney for the petitioner in this proceeding; that said attorney also represented, as was conceded on the argument, the other parties who would be benefited by the change asked if the motion were granted. Upon the return day of the citation, not only the attorney for the petitioner and the others above mentioned appeared, but Messrs. Wilson & Wallis also appeared for Cortland S. Raymond, Ralph L. Raymond, and Mary A. Zuber, second cousins of said deceased, and two of the other second cousins filed waivers of the issue and service of citation and consented to the entry of a decree settling said account as filed. It also appears, from the affidavit of Lawrence Schlosser, one of the second cousins of said intestate, that Emile A. Hassey also appeared and acted as attorney for him and his two sisters, Clara Schlosser and Marie Hicks, so that on the return day of the citation to attend the accounting of said administrator all of the parties were represented by attorney, and the said decree was settled upon notice to them, and by consent of all parties was made, as all of them then believed, in accordance with the law.

The attorney for the petitioner now claims that he was mistaken in this respect, although it is still urged by Messrs. Wilson & Wallis and by Messrs. Thornton & Earle, who appear for all of the second cousins, that the original decree was correctly made in accordance with a proper construction of the statute. Under this state of facts it is clear that, if any error has been committed, it is as to the construction of the law upon this subject, and is a matter which should be reviewed by appeal, and not by a motion to open and modify the decree, because the error, if any exists, is an error of substance, and not a clerical error, and is an attempt to review the decision upon the merits. That this cannot be done is clearly held in Matter of Tilden, 98 N. Y. 434, Matter of Hawley, 100 N. Y. 206, 3 N. E. 68, Matter of Henderson, 157 N. Y. 423, 52 N. E. 183, and In re Ahlers' Estate (Sup.) 104 N. Y. Supp. 529.

It appears from the petition filed on this motion that all of the payments to the second cousins provided for in said decree have been made, and upon the argument of this motion it was stated that several of them had already expended their money, and that it would be impossible for them to return it if the decree was modified or changed. While this may not affect the merits, it certainly should be considered in exercising discretion, if any existed, as is claimed by those in support of the motion, although I do not believe that it does exist. This motion, of course, is made in accordance with the provisions of section 2481 of the Code of Civil Procedure, which has been construed and passed upon in the cases above stated, and does not authorize a surrogate to interfere with such a decree as was made in this case upon the grounds asked for.

The motion to open and vacate the decree is therefore denied.