## WILLIAM ISAAC v. STATE.

No. A-2063.    Opinion Filed June 23, 1914.

(141 Pac. 285.)

1.  **HOMICIDE—Assault with Intent to Kill—Sufficiency of Evidence.**
    The evidence upon a trial of an information for assault and
    battery with intent to kill, examined, and held to be sufficient to
    warrant a verdict convicting the defendant of assault and battery.

2.  **SAME—Appeal—Harmless Error—Instruction.** Where the information charges assault and battery with intent to kill, and the defendant is convicted of assault and battery, an exception taken to an instruction upon the issue of assault and battery with intent to kill, will not be considered upon the appeal.

(Syllabus by the Court.)

*Appeal from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

William Isaac was convicted of an assault and battery, and appeals.    Affirmed.

*Williams & Dean,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.    This appeal is from a judgment of the district court of Pontotoc county, rendered on the 17th day of February, 1913, upon a verdict convicting the defendant of the crime of assault and battery, and assessing the maximum punishment of 30 days' confinement in the county jail, and $100 fine.

The information charged assault and battery with intent to kill.    The assault was alleged to have been committed upon one B. F. Brashears.    The admitted and undisputed facts are

that the parties concerned attended a Christmas tree gathering on the 24th day of December, 1912, at Frank's schoolhouse; the defendant, under the influence of intoxicating liquor, staggered against the child of the complaining witness, and he pushed him off, and the defendant struck him, cutting his jaw. The complaining witness knocked him down and struck him several times. There was little conflict in the testimony upon the trial, and no exceptions were taken to the admission or exclusion of evidence. The witnesses for the state testified that the defendant had a knife in his hand. Witnesses on the part of the defense testified that the defendant did not have a knife. All agreed that the defendant was intoxicated. The defendant did not take the witness stand in his own behalf.

The only real question open for the determination of the jury related to the grade of the offense, whether it was assault with intent to kill, aggravated assault, or assault and battery.

There are but two assignments of error relied upon for a reversal of the judgment—insufficiency of the evidence, and an alleged erroneous instruction on the issue of assault with intent to kill. Both are destitute of merit. The fact that the defendant was not convicted of assault with intent to kill eliminates from the case and renders it unnecessary to discuss the exception taken to the instruction given upon that issue. The evidence is conclusive of the defendant's guilt, and we are convinced that he has had a fair and impartial trial, and that no error prejudicial to his rights was committed.

It follows that the judgment should be and is hereby affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.