ODOM, J.
 

 Defendants were convicted of grand larceny, and sentenced to serve not less than four nor more than six years at hard labor, and appealed.
 

 The errors of which they complain are set out in three bills of exception.
 

 The district attorney neglected, at the beginning of the trial, to make a statement explaining the nature of the charge and the evidence by which he expected to establish the same as required by article 333 of the Code of Criminal Procedure. After several witnesses had been called and examined, counsel for defendants requested the trial judge to stop the proceedings and discharge the defendants. He refused to do so, and bill No. 1 was reserved.
 

 Bill No. 2 was reserved to the refusal of the judge to grant a new trial, and bill No. 3 to his refusal to sustain a motion in arrest of judgment.
 

 1. The failure of the district attorney to make the opening statement as required by the Code seems to have been due to an oversight. The trial was begun on November 3, and proceeded until the hour of adjournment, and was resumed on the following day. At some time during the second day of the trial, and after several witnesses had been called and examined, counsel for defendants for the first time called attention to the fact that no opening statement had been made by the district attorney, and requested the trial judge to stop the proceeding and discharge the defendants.
 

 Up to that''time, the omission of the formality prescribed by the Code was not mentioned by any one.
 

 The minutes of the court, which are not alleged to be incorrect, show that on November 3, when the trial was begun, and on the 4th, when it was resumed, both defendants were present represented by their attorneys. The defendants and their attorneys therefore knew that no ' opening statement had been made by the district attorney; but no objection was raised until the trial had progressed into the second day. It must therefore be held that they voluntarily waived their right to demand that the prosecuting officer make the opening statement prescribed by the Code.
 

 Counsel for defendants cite and rely upon ruling in the case of State v. Ducre, 173 La. 438, 137 So. 745, 747, where we held, on rehearing, that “the language of article 333 [of the Code] is mandatory,” and that it is not within the discretion of the trial judge “to dispense with the opening statement of the district attorney entirely, since it is the mandatory duty of that officer to make such statement.”
 

 But the holding in the Ducre Case by no means supports the contention made by counsel in the case at bar. In that case, counsel for the defendant requested, before the trial was begun, that the prosecuting, officer make an opening statement explaining the nature of the charge and the evidence by which he expected to establish it. The request was refused, but he did read the indictment and the statute under which the accused was being
 
 *145
 
 prosecuted, and the trial judge ruled that such was a substantial compliance with the Code.
 

 We held that this ruling was reversible error, and we adhere to our holding. Here no such request was made, and defendants, without objection, permitted the trial to proceed, thereby waiving the formality prescribed by the Code, the omission of which formality they now contend vitiates the proceedings.
 

 The contention here made is without merit. The law referred to was enacted for the benefit and in the interest of the accused. Its^ intent and purpose is to force the prosecuting officer “to show his hand” by explaining, not only the nature of the crime charged, but the nature -and character of the evidence by which he expects to establish it as well, thereby enabling the accused the better, to meet the issue and make his defense.
 

 But the benefits of this codal provision like those conferred by other laws enacted in the interest of accused persons may be waived by them. Section 992 of the Revised Statutes, under the heading “Rights of Accused Persons,” provides that every person who shall be indicted for any capital or any crime punishable with imprisonment at hard labor for seven years or upward “shall have a copy of the indictment and the list of the jury which are to pass on his trial, delivered to him at least two entire days before the trial.”
 

 This statute was adopted in the interest of the accused; the purpose of it being to enable him to prepare in advance his defense and to inquire into the character of the jurors by whom he is to be tried and to prepare such challenges as he may see fit to make.
 

 In the case of State v. McKinney, 171 La. 549, 131 So. 667, it was held that “these requirements [the service of the indictment and the list of jurors] are sacramental, and not merely directory,” just as we held in the Ducre Case, supra, that “the language of article •333 is mandatory” and “sacramental.” But in the McKinney Case we said that the “failure to grant continuance in order to have same complied with [that is, the service made] is reversible error,
 
 if objection is timely made.”
 
 (Italics ours.) And in the case of State v. West, 172 La. 344, 134 So. 243, 244, we said (referring to the right of an accused to have service made upon him): “But the accused may waive the right
 
 to
 
 have such service made upon him, and, where he goes to trial without objection, it is too late after verdict to object for the first time that such service was not made,” citing numerous cases.
 

 If an accused person may waive his right to have a copy of the indictment and the list of jurors served upon him, or waive arraignment and trial by jury in certain cases, and he can under1 repeated rulings of this court, he may likewise waive his right to have the prosecuting officer make an opening' statement as provided by article 333 of the Code of Criminal Procedure. Under the settled jurisprudence of this state, the going to trial by a defendr ant without insisting that such formalities be complied with is considered a waiver of the right conferred. Our holding, therefore, is that these accused, having gone to trial without objection, waived their right to have the statement made.
 

 2. Bill No. 2 was reserved to the refusal of the court to grant a new trial. The new trial was asked for on two grounds, first, that
 
 *147
 
 the verdict of the jury was contrary to the law and the evidence, and, .second, that no opening statement of the case was made by the district attorney.
 

 The first ground presents nothing for review. State v. Bell, 146 La. 89, 83 So. 419; State v. Walters, 145 La. 209, 82 So. 197.
 

 The second ground is disposed of by our ruling on bill No. 1.
 

 3. Bill No. 3 was reserved to the ruling of the court in refusing to sustain a motion in arrest of judgment. The grounds set up in this motion are threefold: First, that the verdict rendered is contrary to the law and the evidence; second, that the district attorney failed to make an opening statement; and, third, that the trial judge refused to stop the proceedings and discharge defendants after his attention was called to the neglect of the district attorney to make an opening statement.
 

 This mótion sets out no legal grounds for arresting the judgment. -
 

 “A motion in'arrest of judgment lies only for a substantial defect, patent upon the face of the record.”
 

 “An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record.”
 

 “No defect that is merely formal-, or cured by verdict, or that cannot be ascertained without an examination of the evidence, is good ground for arresting judgment.”
 

 Code of Criminal Procedure, arts. 503, 517, and 518; Harr’s Criminal Jurisprudence (2d Ed.) vol. 2, p. 1145.
 

 The verdict and sentence appealed from are affirmed.