152 So. 757

**STATE v. FUCHS et al.**

No. 32663.

Jan. 29, 1934.

J. F. Phillips and E. B. Herndon, both of Shreveport, for appellants.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., and Nash Johnson, Asst. Dist. Atty., both of Shreveport (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

ODOM, Justice.

The original bill of information filed against these defendants charged that they did "unlawfully break and enter, in the night

time, the store and warehouse of the Snyder Wagon Company, located at 2409 Texas Avenue, city of Shreveport, with intent to commit larceny."

They were arraigned and went to trial on this charge.

After one witness had been called and examined by the district attorney, he asked permission to amend the bill by adding the words "and shop" immediately following the words "the store" so as to make the bill read that defendants broke and entered into the "store and shop and warehouse" of the Snyder Wagon Company.

Defendants objected to this amendment of the charge on the ground that "the same affected the substance and materiality of the charge filed against them." The objection was overruled.

They were convicted of entering, without breaking, in the nighttime, to commit larceny, and sentenced to hard labor. This appeal followed.

■■■ If there had been any merit in the objection to an amendment of the bill (and there was not), defendants cannot complain for the reason that, when the objection was made, the court offered to discharge the jury and grant them a continuance if they could show any prejudice by the allowance of the amendment. This offer was declined; the defendants electing to proceed with the trial. Code of Criminal Procedure, arts. 364 and 253.

■ After the bill was amended, the district attorney made no further "opening statement" to the jury. Counsel for defendants assign this as error. If counsel had thought defendants would be prejudiced by the district attorney's failure to make a further statement, they should have then and there objected to further proceeding without such statement. But they made no objection. The informality or irregularity, if such it was, was waived by failure to object. State v. Shearer, 174 La. 142, 140 So. 4.

The trial judge was asked to give the following charge:

"If you are satisfied from the evidence that Fuchs (one of the defendants) entered through a window, and broke nothing to make the hole larger, you must acquit."

■ The judge properly refused to give the charge as written. The charge against defendants was laid under section 852 of the Revised Statutes, which provides in substance that whoever shall, in the nighttime, break and enter any store, shop, or warehouse, etc., with intent to commit any crime, shall, on conviction, suffer imprisonment at hard labor. This charge includes the lesser crime of entering without breaking such buildings in the nighttime with intent to steal or commit any other crime, as denounced by section 854, Revised Statutes. State v. Barber, 167 La. 635, 120 So. 33. It was therefore within the province of the jury to convict defendants of the crime of entering without breaking the building in the nighttime with intent to steal. A "breaking" of the building not being an essential ingredient of one of the crimes in-

cluded in this indictment, it would have been improper to charge that, if the jury found that there was no breaking, they should acquit. The requested charge was entirely too broad.

■ The defendants moved for a new trial on the ground that the verdict was contrary to the law and the evidence. The motion was overruled. Such motions present nothing for review.

The record brought up discloses no error. The verdict and sentence are affirmed.

O'NIELL, C. J., absent.