## Ex parte CLARENCE PEOPLES.

No. A-9816.   March 7, 1940.
(100 P. 2d 295.)

H. J. Mackey, of Oklahoma City, and H. M. Redwine, of Disney, for petitioner.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and Walter Marlin, Asst. Co. Atty., both of Oklahoma City, for the State.

BAREFOOT, J.   Petitioner, Clarence Peoples, was charged by information filed in the district court of Oklahoma county, with the crime of burglary in the second degree, based upon Oklahoma Statutes 1931, section 1931, Okla. St. Ann. title 21, § 1435, which is as follows:

"Every person who breaks and enters in the day time or in the night time, either:

"1.   Any building within the curtilage of a dwelling house, but not forming a part thereof; or,

"2.   Any building or any part of any building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

Afterwards his bond was forfeited, and the forfeiture set aside, and he entered a plea of guilty, and was sentenced by the court to serve a term of 30 days in the county jail, as an included offense, under Oklahoma Statutes 1931, section 1934, Okla. St. Ann. title 21, § 1438, which is as follows:

"Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit any felony, larceny, or malicious mischief, is guilty of a misdemeanor."

Petitioner filed a petition for writ of habeas corpus before the Hon. Clarence Mills, district judge of Oklahoma county. After hearing the application the petition was denied. He then filed a petition for writ of habeas corpus in this court, praying for his discharge.

It is contended: First, that the misdemeanor defined under the section above quoted is not such an offense against the laws of the state that is included in the second degree burglary charge under which the information was filed; and, second, that the district court did not have jurisdiction to accept a plea of guilty in a misdemeanor case, and assess a punishment of 30 days in jail.

The first proposition that the offense defined under Oklahoma Statutes 1931, section 1934, Okla. St. Ann., title 21, § 1438, cannot be maintained. This statute was adopted from the statutes of North Dakota (section 6746), and is identical therewith. On November 4, 1903, the Supreme Court of North Dakota had before it the construction of this section, and gave its interpretation on the point here involved, in the case of State v. Tough, 12 N. D. 425, 96 N. W. 1025. The court said:

"An indictment for burglary in the third degree for breaking and entering a railroad car, with intent to steal,

as defined in section 7406, Rev. Codes 1899, will sustain a conviction for the minor and constituent offense defined by section 7411, Id., of entering a railroad car with intent to steal."

In the body of the opinion, the court held:

"The indictment was drawn under section 7406, subd. 2, Rev. Codes 1899, and charged the defendant with the crime of burglary in the third degree, committed by breaking and entering in the nighttime a railroad car, in which property was kept, with intent to steal therein. The jury were instructed that: 'The indictment, in addition to charging burglary in the third degree, also charges, as lesser offense, the offense of entering a railway car with intent to commit larceny; that is, with the intent to steal coal. Stealing of coal is larceny. In the crime last referred to you will notice that the element of breaking into the car is omitted, so that, if the jury has a reasonable doubt of the defendant's breaking into the car in question, the jury may consider the lesser crime, and say by its verdict whether he entered the car with intent to steal coal.' The jury returned a verdict in the following language: 'We, the jury, find the defendant guilty of the crime of entering a railroad car with intent to commit larceny, as charged in the indictment.' Appellant excepted to these instructions, and now challenges the verdict as illegal, and not responsive to the indictment. Section 7411, Rev. Codes 1899, upon which this verdict is based, declares: 'Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel or other structure or erection with intent to commit any felony, larceny or malicious mischief, is guilty of a misdemeanor.' Section 8244, Id., permits the jury to find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information. The only element of burglary in the third degree defined in subdivision 2, § 7406, and charged in the indictment, which is wanting in the statutory misdemeanor of which defendant was found guilty, is the breaking.' Strike from the indictment the word 'break'

where it appears in the charging part of this accusation, and there remains a good charge of the misdemeanor defined in section 7411, Id. This is the test applied by the Court of Appeals of New York, from which the statutes under consideration were taken. People v. Meegan, 104 N. Y. 529, 11 N. E. 48. The charge of breaking and entering a railroad car with intent to steal of necessity includes the charge of entering the railroad car with intent to steal. State v. Maxwell, 42 Iowa [208], 213. The verdict returned operated as an acquittal of the burglary charged. State v. Johnson, 3 N. D. [150], 151, 54 N. W. 547; State v. Maloney, 7 N. D. [119], 126, 72 N. W. 927. But the indictment charges every element of the statutory misdemeanor without being duplicitous. State v. Climie [12 N. D. 33], 94 N. W. 574. It is sufficient to sustain the judgment, the same as though the indictment had in express terms charged the offense named in section 7411, Rev. Codes 1899, and nothing else. State v. Johnson, 3 N. D. 150, 54 N. W. 547; People v. English, 30 Cal. [214], 218; Mulloy v. State [58 Neb. 204], 78 N. W. 525."

This case is directly in point, and is based upon sound reasoning. The reason is also stated in 31 Corpus Juris, § 483, as follows:

"At common law, however, there could be no conviction of a misdemeanor upon an indictment for felony, although the elements of the misdemeanor were included in the felony charged, the reason for the rule being that upon a trial for misdemeanor defendant had certain advantages such as the right to appear by counsel, to have a copy of the indictment, and to a special jury, which were denied him upon a trial for felony. But in the United States, since accused has the same rights upon the trial of offenses of either character, the common-law rule has not been generally recognized, there being no reason for its application, it having been abolished by statute in many of the states, and indeed also in England. By some of the earlier statutes, however, the doctrine of merger was recognized even in the United States. Where defendant is acquitted of the felony charged, the court may hold him to be dealt with for the misdemeanor."

And see the following cases: State v. Fuchs, 178 La. 1057, 152 So. 757; State v. Maxwell, 42 Iowa, 208; State v. Edell, W. W. Harr. 404, 183 A. 630; State v. Snow, 3 Pennewill 259, 51 A. 607.

Having held that the section of the statute under which defendant was sentenced was an included offense under the section with which he was charged, it cannot be doubted but that the court had the right to accept his plea of guilty under such included offense, even though it was for a misdemeanor.

It is provided by Oklahoma Statutes 1931, section 3091, Okla. St. Ann. title 22, § 837, as follows:

"When it appears that a defendant has committed a public offense and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degree only."

It has often been held by this court that where defendant was charged with murder, or attempt to kill, which are felonies, that it was the duty of the trial court to charge the jury upon every included offense, where the facts justified it, including the offense of assault and battery, which is a misdemeanor. Clark v. State, 6 Okla. Cr. 100, 116 P. 200; Suitor v. State, 6 Okla. Cr. 305, 118 P. 412; Russell v. State, 9 Okla. Cr. 692, 133 P. 475; Isaac v. State, 11 Okla. Cr. 20, 141 P. 285; Roberts v. State, 66 Okla. Cr. 371, 92 P. 2d 612. If the district court has power to pronounce sentence for a misdemeanor based upon the verdict of the jury, it certainly would have the right where the defendant entered a plea of guilty. State v. McDonald, 10 Okla. Cr. 413, 137 P. 362; McAtee v. State, 39 Okla. Cr. 10, 262 P. 703; Bean v. State, 27 Okla. Cr. 228, 226 P. 115.

For the reasons above stated, the application of petitioner for writ of habeas corpus is hereby denied.

DOYLE, P. J., and JONES, J., concur.