THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR G. MARSH, Appellant, against WALTER B. MARTIN, as Warden of Attica State Prison, Respondent.

Fourth Department, May 12, 1954.

*Arthur G. Marsh,* relator in person.

*Russell G. Hunt, District Attorney of Albany County, amicus curiæ.*

No appearance for respondent.

WHEELER, J. Following relator-appellant's plea of guilty in the Albany County Court of the crime of robbery, first degree, the District Attorney, pursuant to sections 1941-1943 of the Penal Law, filed an information accusing relator of having been previously convicted of the crime of burglary in the second degree in the State of Utah on September 21, 1935. Upon admitting his identity as the person named in the information, relator was sentenced as a second offender to a term of from thirty to sixty years.

In this habeas corpus proceeding appellant is challenging the validity of that sentence upon the ground that the Utah conviction was not for a crime which if committed in this State would be a felony. The County Court of Wyoming County dismissed the writ, relying upon *People* v. *Love* (305 N. Y. 722). From the order entered thereon, relator appeals.

It appears that relator was convicted in the State of Utah following his plea of guilty " as charged " to an information charging him with the crime of second degree burglary, in that he " in the nighttime * * * did wilfully * * * feloniously and forcibly break and enter the building * * * " with intent to commit a crime therein. The information was based upon a statute of that State which in pertinent part defines burglary in the second degree as follows: " Every person who, in the nighttime, forcibly breaks and enters, or *without force enters* an open door, window or other aperture of, any house * * * with intent to commit larceny or any felony, is guilty of burglary in the second degree." (Utah Code Anno., § 76-9-3. Emphasis supplied.)

From the Utah statutes (Utah Code, §§ 76-9-5; 76-9-1) it is evident that the common-law distinction between burglary and mere unlawful entry has been abolished and that a conviction of any degree of burglary may there be obtained without proof of a breaking. In New York, however, every degree of burglary requires proof of breaking (Penal Law, §§ 402, 403, 404), and section 405 of the Penal Law provides: '' A person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a crime, is guilty of a misdemeanor.''

It is, therefore, apparent that a conviction of forceful breaking and entering under the maximum provision of the Utah statute would render the crime a felony if committed here, but a conviction based upon mere entry without force under the minimum requirement of the statute, if committed in this State, would constitute the crime of unlawful entry — a misdemeanor. (See *People* v. *Meegan,* 104 N. Y. 529.)

The relator, in support of his contention, relies upon the principle enunciated in *People* v. *Olah* (300 N. Y. 96). It is only with some hesitation that we feel constrained to adopt this view.

In view of the decision in the *Olah* case, a sentencing court may no longer look only to the foreign judgment of conviction and the indictment or information upon which it was based. (Cf. *People* v. *Voelker,* 222 App. Div. 717.) The statute creating and defining the crime must now be considered. The court in the *Olah* case has pointed out the important difference between the '' crime '' of which one was convicted and the '' act '' which he may have committed; and further, that facts not called for or specified in the statute upon which the indictment is based '' may not be rendered material or operative by merely stating them in the indictment '' (p. 99). Judge FULD, writing for the majority, was obviously warning of the danger of permitting the application of section 1941 '' to turn upon the expansiveness of the prosecutor who prepared and drafted the indictment in the other State.'' (P. 101.) The problem there, as here, was to determine the '' crime '' of which defendant was convicted, rather than the evidence relied on to establish that crime. The conclusion was reached that inasmuch as the New Jersey statute defined the crime of larceny as the theft of '' money or personal goods '' having a '' value * * * of or above twenty dollars '', the allegation in the indictment that the stolen property was worth $200 was entirely immaterial and should be considered as surplusage insofar as section 1941 is concerned.

In the instant case, as we have already indicated, the Utah statute defines but a single " crime," burglary in the second degree, which may be committed either by entry without force or by breaking — the former a misdemeanor and the latter a felony if committed in this State. The distinction, then, is purely one of fact, and no legal results turn on whether the offense is accomplished in one manner or the other. Applying the tests suggested in the *Olah* case, a jury verdict of guilty would not have established that the defendant broke, but only that he entered. Stated otherwise, he would not have been entitled to an acquittal of the crime charged by proving that he had merely entered without force. (See *State* v. *Watkins,* 11 Nev. 30, in which the Supreme Court of Nevada construed a substantially identical statute defining burglary.) Under such circumstances, the " crime " which, under the Utah statute requires no proof of breaking, would not have amounted to a felony in this State.

We have not overlooked the important factors which might be held to distinguish the instant case from *People* v. *Olah.* Here, relator was accused in the precise words of the statute of forcibly breaking and entering. We could hardly conclude that such an allegation was uncalled for under the Utah statute. Of course, it could be argued that the *Olah* decision goes only so far as to require the courts to disregard superfluous facts and allegations in the indictment, but does not require them to disregard superfluous facts recited in the statute. However, we are still faced with the logic of the underlying theory of the *Olah* case.

Nor do we find that *People* v. *Love* (305 N. Y. 722, *supra*) affords a basis for a contrary view. In that case the Alabama statute (Code of Alabama of 1923, ch. 174, § 4905) defines a single crime, grand larceny, which may be committed in two separate and distinct ways, i.e., by theft of " any personal property of the value of five dollars or more from the person of another," or the theft of personal property " other than hereinbefore enumerated, of the value of twenty-five dollars or more." The indictment accused the defendant of theft from the person of another of property of the stated value of $20.75. Unlike the instant case, the failure to convict the defendant under the Alabama statute of stealing $20.75 from the person of another would result in an absolute acquittal of the felony charge, even though it be admitted that defendant did, in fact, steal in some other manner, that or any other amount under $25. However, the two statutory provisions in the *Love* case were mutually exclusive, whereas here the crime of "breaking " or entry

'' without force '' are inclusive to the extent that the greater factor of breaking necessarily includes the lesser factor of entering without breaking, thereby, in effect, rendering the former immaterial. It was, therefore, proper in *People* v. *Love* (*supra*) to look to the indictment to ascertain under which of the two statutory provisions the defendant pleaded guilty. Moreover, the court specifically stated (p. 723) that '' This is not a situation encompassed by our decision in *People* v. *Olah* ''.

Adhering to the principle in the *Olah* case, as we feel we must, we reach the conclusion that relator was erroneously sentenced as a second offender. The order should be reversed and the petition granted to the extent of ordering resentence, and relator remanded to the Sheriff of Albany County for resentence in the County Court of Albany County as a first offender.

KIMBALL, J. (dissenting). I dissent from the conclusion reached by the majority that the rule laid down in *People* v. *Olah* (300 N. Y. 96) requires a reversal in this case. The court said in *People* v. *Love* (305 N. Y. 722): '' This is not a situation encompassed by our decision in *People* v. *Olah* ''. The situation in the instant case is parallel to that in the *Love* case. Unlike the New Jersey statute considered in the *Olah* case, the Utah statute, defining second degree burglary, sets forth two different ways of committing the crime. One way is where a person '' forcibly breaks and enters.'' The other, set forth in the statute with the disjunctive '' or '', is where a person '' without force enters an open door, window or other aperture ''. (Utah Code Annotated, § 76-9-3.) The employment of either means of entry lays the basis for the commission, in Utah, of the felony of burglary in the second degree. In New York, there must be a '' breaking '' in order to constitute a felony. (Penal Law, §§ 402, 403, 404.) So, if the relator in the instant case had been convicted in Utah of violation of the Utah statute and the record showed no forcible entry or failed to disclose whether or not there was forcible entry, it could not be counted as a prior felony here for the obvious reason that an entry made by means of an open door, sufficient for the felony in Utah, would amount only to a misdemeanor in this State.

It must be conceded that under the Utah statute, a person who '' forcibly breaks and enters '' with criminal intent may be convicted of a felony in that State. The Utah statute so states. So likewise does the New York statute. It is thus clear that there is no divergence in the two statutes where the burglary is committed by forcible entry. In this case the information specifi-

cally charged the defendant with the crime of burglary in the second degree in that he " did wilfully, burglariously, unlawfully and feloniously and forcibly break and enter the building * * * with intent * * * to steal, take and carry away." This information followed the Utah statute which makes a " breaking and entering " one basis for the crime. The charge of the information said nothing of entering an open door, window or aperture without force. The record shows that the defendant, upon arraignment, pleaded guilty " to the crime as charged in the information." By so doing he admitted that he committed the crime in the manner and by the means charged in the information, i.e., by forcible entry which is the basis of the crime as defined in the statute of Utah and the statute of New York. Having been charged with the commission of the crime by forcible entry under the Utah statute, he could not have been convicted of the crime if entry without force only had been proved. The commission of the crime had to be proved in the manner alleged in the information. " Where an offense may be committed in various ways, the evidence must establish it to have been committed in the mode charged." (*State* v. *Beckendorf,* 79 Utah 360, 364.) There was no count in the information except the " forcible entry " count. The one count set forth all the elements essential to the felony both under the provisions of the Utah statute and the New York statute.

As I view it, the situation here presented is the same as was presented in *People* v. *Love* (305 N. Y. 722, *supra*). In that case, under the Alabama statute, a person could be charged and convicted of grand larceny in the second degree either by stealing personal property of the value of $25 or by stealing personal property of the value of $5 from the person of another. The Alabama indictment charged stealing from the person. The court said · (pp. 723–724): " he admitted and acknowledged that he ' feloniously took ' certain property ' from [the] person ' of its owner — an act which, if committed within this state, would have been felonious ".

I cannot agree with the majority opinion which intimates that there might be something superfluous in the Utah statute. It must be presumed that the Utah Legislature in enacting the statute was not doing a meaningless thing. Certain it is that it did not abolish " forcible entry " as one means of committing burglary in the second degree. I cannot follow the majority opinion where it is said (p. 159): " However, the two statutory provisions in the *Love* case were mutually exclusive, whereas

here the crime of 'breaking' or entry 'without force' are inclusive to the extent that the greater factor of breaking necessarily includes the lesser factor of entering without breaking, thereby, in effect, rendering the former immaterial." It cannot be said that the Utah Legislature employed useless and immaterial words when it passed the statute. We look to the statute to ascertain the crime (*People* v. *Olah*, 300 N. Y. 96, *supra*) and we look to the record of the case to ascertain what the defendant pleaded guilty to (*People* v. *Love*, 305 N. Y. 722, *supra*).

The order of the County Court should be affirmed.

All concur, except McCurn, P. J., and Kimball, J., who dissent and vote for affirmance, in a separate opinion by Kimball, J., in which McCurn, P. J., concurs.

Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law, without costs, writ sustained, and relator remanded to the Sheriff of Albany County for resentence as a first offender.