THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE SWINSON, Appellant.

First Department, June 15, 1954.

*Theodore Swinson,* appellant in person.

*Paul A. Stone* of counsel (*Richard G. Denzer* and *Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

BASTOW, J. The issue here presented is whether the defendant was properly sentenced as a fourth felony offender upon his conviction of the crime of manslaughter in the first degree. The information filed by the People pursuant to sections 1942 and 1943 of the Penal Law charged that the defendant had thrice previously in North Carolina in 1934, 1936 and 1938 been convicted of the crimes of burglary and that those crimes would have been felonies had they been committed in New York. The proceeding has been passed upon without objection as an application for a writ of error *coram nobis* and the appellant so describes his moving papers. The notice of motion and the prayer for relief in the petition are sufficiently broad, however, so that we may treat the application as a motion to vacate a sentence imposed upon appellant as a fourth-felony offender.

The indictments on which the defendant was convicted in North Carolina charged in substance that the defendant on a specified date "a certain storehouse, shop, warehouse, dwelling house and building occupied by [a named occupant] wherein merchandise, chattels, money, valuable securities were * * * being kept * * * did break and enter with intent to steal * * * the merchandise, chattels, money, valuable securities of the said [occupant] ".

In North Carolina burglary is a common-law offense. To warrant a conviction thereof it must be made to appear that there was a breaking and entering during the nighttime of a dwelling or sleeping apartment with intent to commit a felony

therein. That the building was or was not occupied at the time affects the degree (*State* v. *Mumford,* 227 N. C. 132; General Statutes, North Carolina, §§ 14–51, Consol. Stat., § 4232). The crime of burglary at common law in North Carolina was composed of five distinct elements, which were (1) the breaking; (2) the entering; (3) that the breaking and entry be into a mansion house; (4) that the breaking and entering were in the nighttime, and, (5) that the breaking and entering were with the intent to commit a felony. (*State* v. *Whit,* 49 N. C. [4 Jones], 349, 351.)

Generally speaking both at common law and under various State statutes burglary is the "breaking and entering" of a dwelling or building and therefore, the offense is not committed unless there is an entry as well as a breaking (12 C. J. S. Burglary, § 10). The several States have variously treated the separate acts of "breaking" or "entering". Some statutes omit the element of breaking and make an act of entry with intent to commit a crime a violation of the statute. This is variously described as "burglary without breaking" or "unlawful entry". New York has such a statute (Penal Law, § 405) but the crime is a misdemeanor.

In addition to the common-law crime of burglary North Carolina has a statutory crime generally referred to as "House Breaking" (North Carolina General Statutes, §§ 14–54, Consol. Stat., § 4235). It was under these statutes that the indictments in the prior offenses of this defendant were laid. The enactment is entitled "*Breaking into or entering houses otherwise than burglariously*". The section provides in part that "If any person, with intent to commit a felony or other infamous crime therein, shall break or enter either the dwelling house of another otherwise than by a burglarious breaking; or any storehouse, shop, warehouse, banking-house, counting-house or other building where any * * * personal property shall be" he shall be guilty of a felony.

The decisions of North Carolina have held that the statute is violated by proof of an entry without evidence of a breaking. Thus, in *State* v. *Mumford* (227 N. C. 132, 134, *supra*) it was said that under this statute "it is unlawful to break into a dwelling with intent to commit a felony therein. It is likewise unlawful to enter, with like intent, without a breaking. Hence, evidence of a breaking, when available, is always relevant, but absence of such evidence does not constitute a fatal defect of proof".

Similarly, while it does not appear that the courts of North Carolina have passed upon the question, the crime under the

same or a similar statute may be established by proof of a breaking without evidence of an entry. (Cf. *Ingle & Michael* v. *State,* 211 Ark. 39; *Minter* v. *State,* 71 Ark. 178; *Kidd* v. *Commonwealth,* 273 Ky. 300, and *Mullins* v. *Commonwealth,* 20 S. W. 1035 [Ky.]).

Our Penal Law in defining the three degrees of burglary — each of which is a felony — requires proof of a breaking *and* entering. Section 405 provides, however, as heretofore stated, that " A person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a crime, is guilty of a misdemeanor ". We have no statute making it a crime to " break " without proof of an entry.

The problem is thus presented as to whether the appellant having been thrice convicted in North Carolina upon indictments charging that he " broke *and* entered " but based upon a statute making it a felony to " break *or* enter " has been previously " convicted  *  *  *  under the law of any other state  *  *  *  which if committed within this state would be felonious ". (Penal Law, § 1942.)

*People* v. *Olah* (300 N. Y. 96) has to some extent charted our course. Therein it appeared that a New Jersey statute created the crime of larceny as a high misdemeanor which was defined as the theft of money or personal goods having a value of or above $20. The defendant had previously been convicted in that State of that crime by his plea of guilty to an indictment accusing him of having stolen a watch and a wallet containing $200, " all of the value of over Twenty Dollars ". It was held that such previous conviction could not be used to sentence Olah as a second offender in this State. The court said (pp. 98–99) that " It is the statute upon which the indictment was drawn that necessarily defines and measures the crime. There is a difference between the ' crime ' of which a defendant was convicted and the ' evidence ' relied upon to establish that crime. And, by the same token, there is a difference between the ' crime ' of which he was convicted and the ' act ' which he may have committed. In other words, the crime, i.e., the operative facts which constitute the criminal offense as defined by the statute, cannot be extended or enlarged by allegations in the indictment or by evidence at the trial."

Applying these rules to the instant case we find that the operative facts in the North Carolina statute under consideration made it a crime to " break *or* enter ". When the indictments were prepared these operative facts were enlarged by an allegation in each indictment that the defendant did " break

*and* enter ''. Here we find material and operative facts changed from the statutory disjunctive to the conjunctive form in the indictment. It is clear that if the statute had made it a crime to break and enter the defendant would have stood before the court of this State thrice convicted of a crime which if committed in this State would be a felony.

On the contrary his three previous convictions were based upon a statute which by its plain language and buttressed by decisions of the courts of the foreign State would have permitted his conviction upon proof that he ''broke '' or that he '' entered '' standing alone and with no proof required of the other material fact. As we have seen, neither of these North Carolina crimes standing alone is a felony under the laws of this State. As was said in the *Olah* case (*supra,* p. 99) '' facts not specified in the statute upon which the indictment is based may not be rendered material or operative by merely stating them in the indictment ''.

*People* v. *Love* (305 N. Y. 722) is not an authority to the contrary. There it appeared that the Alabama statute embraced larcenies of a different character and degree constituting both felony and misdemeanor. The defendant was indicted in Alabama for the crime of robbery in that he took certain described property from the person of another. He was permitted to plead guilty to grand larceny and was adjudged '' guilty of the offense of Grand Larceny as charged in the indictment ''. It was held that the crime was one which if committed within this State would have been a felony. The challenge to the Alabama statute was not that it was too narrow in scope but too broad. In the instant case as in the *Olah* decision (*supra*) multiple offender treatment is barred because the foreign statutes are not sufficiently broad to spell out the essentials of a New York felony.

We conclude that the appellant was improperly sentenced as a fourth offender. The order should be reversed and the proceeding remitted to the Court of General Sessions, with directions to vacate and set aside the judgment of conviction and to take such further proceedings as may be necessary, not inconsistent with this opinion.

DORE, J. P., COHN, CALLAHAN and BOTEIN, JJ., concur.

Order unanimously reversed and the proceeding remitted to the Court of General Sessions of the County of New York, with directions to vacate and set aside the judgment of conviction and to take such further proceedings as may be necessary, not inconsistent with the opinion herein. Settle order on notice.