THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GLENN N. BIGNESS, Defendant.

County Court, Jefferson County, September 16, 1955.

*Angus G. Saunders, District Attorney,* for plaintiff.

*Allan Patch* for defendant.

WILTSE, J.   In this proceeding the above-named defendant-petitioner applies for a writ of error *coram nobis,* alleging that a conviction in the State of Nevada for the alleged crime of burglary in the first degree, on May 22, 1937, did not constitute a felony within the definition and meaning of the applicable sections of the Penal Law of the State of New York with regard to the sentence of second felony offenders.

The aforesaid Bigness was convicted of burglary in the third degree in the County of Jefferson, New York, before the Hon. HOWARD B. DONALDSON, Jefferson County Judge, on November 13, 1939.   As a result of said conviction of burglary in the third degree, he was thereafter charged in an information filed by the Hon. Carl J. Hynes, District Attorney of Jefferson County, as being a second felony offender and was thereupon sentenced to be confined to imprisonment in Attica State Prison

at Attica, New York, as a second felony offender for a term of not less than twelve years, nor more than twenty years.

The facts of the matter that developed upon a hearing at which the aforesaid defendant-petitioner was personally present, were, among others, that he had been convicted of a crime in said State of Nevada that was designated "Burglary in the First Degree". An examination of the law of the State of Nevada as it existed at the time of the aforesaid conviction, and an examination of the charge then placed against the aforesaid Bigness reveal that the section under which said Bigness was apprehended and prosecuted, and later convicted, does not allege that the crime of burglary in the first degree, as then defined in the State of Nevada, consisted of a "breaking" as well as an "entry".

If the contentions of the aforesaid defendant-petitioner are correct, he should have been sentenced under the judgment of conviction in this county as a first felony offender, rather than as a second felony offender.

A copy of the Nevada statute under which the defendant-petitioner aforesaid was convicted of burglary in the first degree in the State of Nevada is as follows: " § 10319. *Burglary defined.* § 369. Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary. Every burglary committed in the night-time is burglary of the first degree, and every burglary committed in the daytime is burglary of the second degree. Burglary of the first degree is punishable by imprisonment in the state prison for not less than one nor more than fifteen years. Burglary of the second degree is punishable by imprisonment in the state prison for not more than five years. Whenever burglary is committed upon a railroad train, in motion or in rest, in this state, and it cannot with reasonable certainty be ascertained in what county said crime was committed, the offender may be arrested and tried in any county through which said railroad train may have run on the trip during which such burglary is committed. The phrase ' night-time,' as used in this section, means the period between sunset and sunrise."

It is clearly apparent that said statute of the State of Nevada does not relate to a "breaking". Under the law of this State relating to second felony offenders, it is a requisite for imposition of such a sentence as a second felony offender that a person convicted of the second felony in this State must have been

convicted in some other jurisdiction of a crime which would be a felony in the State of New York.

With reference to the Nevada statute aforesaid, it appears that the alleged felony for which the defendant was convicted in the State of Nevada would not be a felony in the State of New York. This statement is made upon authority of *People* v. *Olah* (300 N. Y. 96) and *People* v. *Kronick* (308 N. Y. 866).

Without further comment regarding this particular situation, the facts of the matter as above related appear to be squarely within the holdings that were determined by the courts in the cases above cited.

It is therefore determined that the aforesaid defendant-petitioner was not convicted of a crime in the State of Nevada on the date mentioned in the second felony information heretofore filed herein, which would constitute a felony in the State of New York at the time of his sentence as a second felony offender.

Accordingly, the sentence under the judgment of conviction in this court on November 13, 1939, is set aside and vacated, without prejudice to the State of New York or to the County of Jefferson with regard to imposition of a proper sentence in accordance with the foregoing, and as a first felony offender.

And further ordered and determined that the defendant-petitioner, Glenn N. Bigness, be returned to this court for sentence under the aforesaid judgment of conviction of burglary in the third degree in this county, as a first felony offender.

And further determined that an order for the return of the aforesaid defendant-petitioner, Glenn N. Bigness, be issued forthwith, and that he be returned to this court for sentence under the aforesaid judgment of conviction as a first felony offender within ten days from the date hereof.

An order should be entered in accordance with the above, and a certified copy of the same forwarded to the defendant-petitioner herein, to his counsel, Allan Patch, Esq., and to the District Attorney of Jefferson County.