THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DONALD ALLEN, Defendant.

County Court, Kings County, September 27, 1955.

*Kreindler & Winant* for defendant.

*Edward S. Silver, District Attorney (Aaron Nussbaum* of counsel), for plaintiff.

BARSHAY, J. This is an application by the defendant in the nature of a writ of error *coram nobis,* to vacate and set aside a judgment of conviction dated the 28th of August, 1947, convicting the defendant on his own plea of guilty of the crime of burglary in the third degree and sentencing him as a second felony offender to a term of not less than five years and not more than fifteen years in the Elmira Reception Center.

The ground he urges for this motion is that a prior conviction on May 13, 1946, for the crime of breaking and entering with intent to commit a misdemeanor, in the Circuit Court of Broward County, in the State of Florida, and his sentence thereon to a term of one year in the Broward County Jail, would be, if committed in this State, a misdemeanor and not a felony. (*People* v. *Olah,* 300 N. Y. 96.)   If his contention is correct he must be resentenced as a first offender.

The statute under which the defendant was convicted in the State of Florida, reads as follows: " *810.05 Breaking and entering with intent to commit a misdemeanor.*   Whoever breaks and enters *or enters without breaking* any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars."   (Italics supplied.)

It is obvious that a conviction for burglary can be had under the Florida statute by proof of breaking and entering with intent to commit a misdemeanor, *or* by proof of entering without breaking.   Under the laws of the State of New York every degree of burglary requires proof of breaking *and* entering with intent to commit a crime.   Without proof of breaking the crime committed would be unlawful entry, which is a misdemeanor.

Because of the established law at that time (*People* v. *Love,* 305 N. Y. 722) a previous application for similar relief was properly denied on June 11, 1953, by the Hon. Louis Goldstein, then a County Judge of Kings County.   Subsequent to the denial of that motion, the New York Court of Appeals has rendered decisions sustaining the view of the defendant (*People* v. *Kronick,* 308 N. Y. 866).   In *People ex rel. Marsh* v. *Martin* (284 App. Div. 156, affd. 308 N. Y. 823) an identical situation was presented to the court.   In that case the prior felony conviction occurred in the State of Utah, where the defendant pleaded guilty to an information charging him with the crime of burglary in the second degree in that he " ' in the night time   *   *   *   did wilfully   *   *   *   and forcibly break and enter the building ' with intent to commit a crime therein." (308 N. Y. 824.)   The Utah statute defining burglary in the second degree read in part:   " Every person who, in the nighttime, forcibly breaks and enters, or *without* force enters an open door, window or other apperture of, any house   *   *   *   with intent to commit   *   *   *   any felony, is guilty of burglary in the second degree."   (Utah Code Anno., § 76–9–3.)   " From the Utah statutes   *   *   *   it is evident   *   *   *   that a con-

viction of any degree of burglary may there be obtained without proof of a breaking. In New York, however, every degree of burglary requires proof of breaking * * * a conviction [under the law of the State of New York] based upon mere entry without force * * * would constitute the crime of unlawful entry — a misdemeanor.'' Under the Utah statute, burglary in the second degree may be committed in two separate and distinct ways, to wit: the proof of breaking and entering or proof of entering alone. Under the law of the State of New York, both elements must be proven in order to constitute the crime of burglary which is a felony. The felony standards under the New York law are set forth in *People* v. *Olah* (300 N. Y. 96, *supra*).

The motion to vacate and set aside the judgment of conviction dated August 28, 1947, and to resentence the defendant as a first felony offender is granted. The warden of the institution wherein the defendant is presently confined is to deliver the defendant, in civilian clothes, to the department of correction of the City of New York, where he shall be confined in the city prison, in custody of the commissioner of correction, and produced in court by the department of correction for further proceedings. Submit order.