George D. Ogden, J.
On January 12, 1951 defendant, having theretofore been found guilty in Monroe County Court of the crime of burglary in the third degree, was sentenced to State prison for a term of from 15 years to life, he having admitted that he was the same person who had previously been convicted of four separate crimes claimed to be felonies. In his petition *177 defendant does not question that his conviction in the State of Connecticut in 1919 was properly denoted a previous felony conviction, or that he was convicted of a felony in Albany County, New York, in 1924, but claims that two crimes for which he was convicted in Massachusetts — one in 1932 and the other in 1941 — would not have been felonies if committed within New York State.
The indictment pursuant to which the 1932 conviction was had accuses defendant in the words of section 16 of chapter 266 of the Annotated Laws of Massachusetts with the commission of a crime which if committed within the State of New York would be a felony, to wit: burglary. (This indictment also accuses the defendant of the commission of a crime which if committed within New York State would constitute grand larceny, although the Monroe County District Attorney’s information accusing defendant of such previous conviction does not refer to the larceny count.) The act which by law is made a crime in Massachusetts is also made a felony in New York (Penal Law, § 404, burglary in the third degree). In my opinion, this 1932 Massachusetts conviction of defendant was properly considered a previous felony conviction in imposing sentence in 1951.
As to the 1941 Massachusetts conviction of defendant, a • different situation is presented. The complaint in that case alleges the commission of a crime, or crimes, in the words of section 18 of chapter 266 of the Annotated Laws of Massachusetts (burglary). That Massachusetts statute prohibits, in the disjunctive, two different acts; one would constitute a felony (burglary) in New York State, while the other would constitute only a misdemeanor (unlawful entry). Defendant’s conviction under this Massachusetts statute cannot be considered a prior felony conviction for the purpose of invoking section 1942 of the Penal Law of New York State (People v. Olah, 300 N. Y. 96; People ex rel. Marsh v. Martin, 284 App. Div. 156, affd. 308 N. Y. 823; People v. Kronick, 308 N. Y. 866; People v. Love, 305 N. Y. 722, is distinguishable on its facts).
From the above it appears that the 1941 Massachusetts conviction of defendant should not have been considered in sentencing defendant in 1951. However, since defendant had theretofore been convicted of three felonies, his 1951 conviction constituted bim a fourth felony offender, and the sentence of the court, pursuant to section 1942 of the Penal Law of the State of New York, would have to be the same as that imposed. For this reason defendant’s petition for resentencing is denied.
Submit order.