George M. Fanelli, J.
Treated by the County Court of Suffolk County in 1954 as a second felony offender after a plea of guilty to the crime of grand larceny in the second degree, relator, in this habeas corpus proceeding, challenges the validity of the indeterminate sentence imposed upon him of not less than 5 years or more than 10 years.
That a defendant may invoke habeas corpus to test the validity of his conviction as a subsequent offender is a proposition no longer debatable (People ex rel. Stevens v. Jackson, 283 App. Div. 3; People ex rel. Kondrk v. Foster, 299 N. Y. 329; People ex rel. La Placa v. Murphy, 277 N. Y. 581; People ex rel. Carollo v. Brophy, 294 N. Y. 540; People ex rel. Newman v. Foster, 297 N. Y. 27; People ex rel. Milton v. Jackson, 297 N. Y. 708).
With respect to the merits of the application, it is relator’s contention that his previous conviction of 1951 in the State of New Jersey was under the so-called “ burglary ” statute ( N. J. S. A., § 2A-.94 — 1) which is similar to a corresponding statute in the State of Utah (considered in People ex rel. Marsh v. Martin, 284 App. Div. 156, affd. 308 N. Y. 823) and a corresponding statute in the State of Delaware (considered in People v. *571 Kronich, 308 N. Y. 866). In the cited cases it was held that the crimes for which the respective convictions were had, as defined by the pertinent statutes of the respective States, would not be felonies if committed in New York.
However, the difficulty with relator’s contention is the fact that the so-called “burglary” statute in the State of New Jersey became effective on January 1,1952 and is therefore inapplicable to the case at bar since relator pleaded guilty to the New Jersey indictment on September 24, 1951 and the judgment of conviction was thereupon entered on October 3, 1951.
In the case at bar, relator was indicted on three counts. The first count charged that relator “ did by night wilfully break and enter the factory of Vennino Brothers at 45 Hamilton Street with intent to steal, contrary to the provisions of R.S. 2:115-1 ”. The second count charged that relator “ did wilfully enter the factory of Vennino Brothers, without breaking the same, with intent to steal, contrary to the provisions of R.S. 2:115-3 ” and the third count charged relator “ did wilfully steal, take and carry away one fan of the value of thirty-five dollars, of the goods and chattels of Vennino Brothers contrary to the provisions of R.S. 2:145-2 ”.
The record shows that relator pleaded guilty as charged in the indictment and it must be assumed that when the court accepted that plea the result was a judgment convicting relator on all three counts of the indictment (cf. People ex rel. Kondrk v. Foster, supra).
Assuming arguendo that the second count is similar to the provisions of section 405 of the Penal Law, which is unlawful entry — a misdemeanor (People v. Meegan, 104 N. Y. 529) — and that the third count is likewise similar to the provisions of section 1298 of the Penal Law, which is petit larceny — a misdemeanor (see People v. Olah, 300 N. Y. 96) —nevertheless the New Jersey statute in effect in 1951 (N. J. S. A., § 2:115-1), governing the allegations in the first count of the indictment, contains all the elements and is similar to the provisions of section 404 of the Penal Law (burglary in the third degree). Accordingly, it is the opinion of this court that relator’s conviction, based upon his guilty plea to the first count in the indictment, constituted a crime, which, if committed in this State, would be a felony, and consequently, relator was properly sentenced as a second felony offender.
Relator’s further contention that his subject sentence as a second felony offender is invalid by reason of his claim that he was not represented by counsel at the time of his prior conviction *572 in the State of New Jersey, may not be considered by this court in this proceeding. Such a claim may only be available to relator in a coram nobis proceeding instituted by him in the appropriate New Jersey court wherein he was convicted.
The writ is dismissed and the relator is remanded to the custody of the warden of Sing Sing Prison.
Submit order.