Mitchell D. Schweitzer, J.
The defendant applies for resentence hy letter dated May 14, 1957. It appears that on March 28, 1952, after a plea of guilty to the crime of robbery in the third degree, he was sentenced by a Judge of this court to a term of from 15 years to life as a fourth felony offender (Penal Law, § 1942).
The defendant contends that a prior conviction in 1936, in South Carolina, which forms one of the predicate felonies for multiple punishment, may not be classified as a prior felony under the laws of New York so as to warrant the punishment prescribed by said section.
The defendant has asked for legal assistance and the court has assigned Florence M. Kelley, Esq., to aid the defendant in the preparation of his brief. By consent of the District Attorney, the letter of the defendant, hereinabove referred to, has been treated as if it were a formal application by motion for a resentence.
*692 The 1936 South Carolina conviction is set forth in the District Attorney’s information dated March 10, 1952, as follows: “ The said defendant on and about the 14th day of September, 1936, in the Court of General Sessions, Charleston County, State of South Carolina, before Hon. N. M. Mann, a Judge of said Court, was duly by law convicted of the crime of Burglary, and was sentenced for a period of One Year.”
The South Carolina indictment, dated September 15, 1936, which is for the crime of ‘ ‘ Housebreaking ’ ’ and not burglary, as alleged in the information, recites that the defendant “ on the 24th day of July * * * 1936, in the nighttime, with force of arms, at the Court House in the County and State aforesaid. the store of Your Ice Company there situate, feloniously did break and enter with intent the goods and chattels of Your Ice Company Store in the said store then and there being found then and there unlawfully to steal, take and carry away ”, On the same date there appears on the indictment the following notation: “ I appear in person and plead guilty to the within indictment, /s/ Henry Murray.”
A further notation bearing the date of September 14, 1936 (date obviously .an error), shows that the defendant was sentenced to the State penitentiary at hard labor for a period of one year.
The District Attorney’s information filed at the time of the imposition of sentence recited that the defendant had been convicted on three prior occasions of the crime of burglary. The South Carolina indictments, however, reveal that the defendant pleaded guilty to the crime of housebreaking in 1936 and the crimes of housebreaking and larceny in 1939 and 1944.
The South Carolina statute, Code of Laws of South Carolina, ■formerly section 1139, now section 16-332, entitled “ Housebreaking which is not burglary ’ ’, upon which the 1936 conviction is based, reads: ' ‘ Every person who shall break and enter or who shall break with intent to enter, in the daytime, any dwelling house or other house or shall break and enter, or shall break with intent to enter, in the nighttime, any house the breaking and entering of which would not constitute burglary, with intent to commit a felony or other crime of a lesser grade, shall be held guilty of a felony and punishable at the discretion of the court by imprisonment in the county jail or penitentiary for a term not exceeding five years” (emphasis supplied ). (Former statute made the maximum punishment one year.)
The sole contention advanced by the defendant’s counsel is that the 193(3 conviction, the first above mentioned, cannot be the *693 basis for multiple felony offender treatment because the crime does not constitute a felony in New York. Counsel makes no contention that the 1939 and 1944 convictions would not be felonies in New York.
People v. Olah (300 N. Y. 96 [1949]) requires that, in determining Avhether “ crimes ” of which a defendant has been convicted under the law of another State would be felonious under the Iuav of New York, the sentencing court consider the crime as defined in the statute of such other State, without extension or enlargement of such definition by the indictment or by evidence at the trial. The ‘ ‘ operative facts ’ ’ for comparison with the felony as delineated in the New York statute are limited to the statutory definition of the crime by South Carolina.
Turning to the crime of housebreaking, of which the defendant Avas convicted three times in South Carolina, the seqtion set forth above indicated that ‘ ‘ Housebreaking ’ ’ is committed where a person (a) breaks and enters, or (b) breaks with intent to enter, (c) with intent to commit a felony or other crime of a lesser grade.
It is apparent that under alternative (b) one may be convicted of the felony in South Carolina upon proof of breaking Avithout actual entry, but merely with intent to enter. New York requires actual breaking and entry to convict for burglary in any degree (Penal Law, §§ 402, 403, 404; People v. Meegan, 104 N. Y. 529). In cases involving the construction of housebreaking statutes of Maryland and North Carolina, similar to South Carolina’s statute in that a conviction of a felony is possible on proof of a breaking Avithout actual entry, the Court of Appeals and the Appellate Division, First Department, have determined the issue here presented (People v. Kronick, 308 N. Y. 866 [1955]; People v. Swinson, 284 App. Div. 284 [1954]). To the same effect are People ex rel. Marsh v. Martin (308 N. Y. 823 [1955]); People v. Hatchet (1 A D 2d 1016 [1956]); People v. Bigness, 208 Misc. 494 [1955]): People v. Allen, 208 Misc. 546 [1955]).
Petitioner’s counsel urges an additional reason for the granting of the relief requested. The South Carolina statute provides that the breaking and entry or breaking with intent to enter be accompanied by the ‘' intent to commit a felony or other crime of a lesser grade ”. Sections 402, 403 and 404 of the Penal Law all require the breaking and entry to be accompanied by an intent to commit a “ crime therein.” The definition of a crime is limited, by Penal Law (§ 2) to felonies and misdemeanors, and excludes a class of violations of our laws *694 known as offenses (Penal Law, § 722; Code Crim. Pro., § 887). The same distinction between crimes and offenses does not exist under the law of South Carolina, where every violation is apparently classified as a felony or misdemeanor, both crimes (State v. O’Shields, 163 S. C. 408). While the South Carolina indictment charges that the defendant, in 1936, broke and entered with the intent to steal personalty, People v. Olah (300 N. Y. 96, supra) requires that we adhere to the operative facts as defined in the statute of the sister State, disregarding elaboration thereof by the indictment or evidence. If this defendant had broken and entered an apartment in South Carolina to commit a bare trespass, or annoy the occupants, both of which violations would be mere offenses in New York, a conviction of housebreaking would still have been warranted under the language of the South Carolina statute (Code of Laws of South Carolina, § 16-332; State v. Christensen, 194 S. C. 131). It is apparent that the intent required under that penal statute permits conviction of the crime of housebreaking under circumstances which would not allow conviction under the New York burglary sections.
In New York under apposite circumstances where the evidence established that the breaking and entering by the accused was done with the intent to commit a trespass, a conviction for burglary was reversed (McCourt v. People, 64 N. Y. 583).
In People ex rel. Stevens v. Jackson (283 App. Div. 3 [1953]), a Canadian statute was held to define a crime equivalent to burglary in New York where the intent accompanying the breaking and entry was to commit an “ indictable offense,” but another section, requiring no intent but merely breaking and entry followed by the commission of a crime, was held not equivalent to burglary in this State; here the statute requires that the existence of the intent must be in the mind of the offender while he is breaking and entering, and the subsequent commission of the crime is merely evidence thereof.
It follows, therefore, that the 1936 South Carolina conviction was improperly regarded as a prior felony, and the defendant has been incorrectly sentenced as a fourth felony offender.
As has already been noted, the defendant raises no issue as to the legal propriety of using the 1939 and 1944 convictions as predicates for multiple punishment. However, in view of the court’s ruling on the petitioner’s instant application, it is suggested that, upon the defendant’s arraignment for resentence, the District Attorney should reevaluate the 1939 and 1944 South Carolina convictions as a legal basis for increased punishment under section 1941 of the Penal Law. The motion to vacate and *695 set aside the'sentence of March 28,1952, is granted. The defendant is to be returned to this court on February 7, 1958, for resentence.
The District Attorney is directed to submit an order embodying the foregoing directions and to cause a copy of the order, when signed, to be served upon the defendant, the defendant’s counsel, and upon the warden of the prison where he is presently confined.