THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL GOLD, Respondent, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Third Department, April 9, 1958.

*Louis J. Lefkowitz, Attorney-General (Raymond B. Madden, Paxton Blair* and *Paul C. Reuss* of counsel), for appellant.

*Victor A. Lord, Jr.,* for Samuel Gold, respondent.

FOSTER, P. J. Appeal from an order of the Clinton County Court which sustained a writ of habeas corpus to the extent of remanding the relator for resentencing.

Relator was convicted on July 14, 1954 in the Court of General Sessions in the County of New York for the crime of attempted robbery, first degree. Before sentence an information was filed against him accusing him of having been previously convicted three times of certain felonies. Upon arraignment in open court relator admitted he was the same person mentioned in the several records set forth in the information. Thereupon he was sentenced as a fourth felony offender to a term of imprisonment, the minimum of which was not less than 15 years and the maximum for life.

It is relator's contention in this habeas corpus proceeding that one of the prior felonies charged in the information filed by the District Attorney, namely, a conviction in the Criminal Court of Record of Dade County, Florida, for the crime of burglary, with a sentence to the Florida State Penitentiary for a term of three years, would not have been a felony if committed in New York State. Relator accordingly contends that he should have been sentenced in the Court of General Sessions as a third offender rather than a fourth offender.

The Florida statute, section 810 of the Florida Statutes defines the crime of burglary in several subdivisions, of which the following seems to be pertinent:

" 810.01 Burglary; breaking and entering dwelling house, etc. — Whoever breaks and enters a dwelling house, or any building or structure within the curtilage of a dwelling house though not forming a part thereof, with intent to commit a felony, or after having entered with such intent breaks such dwelling house or other building or structure aforesaid, if he be armed with a dangerous weapon, or have with him any nitro-glycerine, dynamite, gunpowder or other high explosive * * * within

such building, or if he makes an assault upon any person lawfully therein, shall be punished by imprisonment in the state prison for life, or for such term of years as may be determined by the court.

" If the offender be not armed, nor arm himself with a dangerous weapon as aforesaid, nor have with him nor take into his possession any high explosive as aforesaid, nor make an assault upon any person lawfully in said building, he shall be punished by imprisonment in the state prison not exceeding twenty years."

The Florida information to which the defendant pleaded guilty was quite evidently drawn under section 810.01. It charged that the defendant " did unlawfully and feloniously break and enter the dwelling, located at 315 S. W. 14th Avenue City of Miami, Dade County, Florida, the property of one Carlton Younts with intent to commit a felony, therein, to wit: Grand Larceny with intent to unlawfully take, steal and carry away money, goods and chattels of the value of more than $50.00 ". While the larceny charge amounted to only $55, and this would not have constituted grand larceny in the State of New York, nevertheless the information, taken on its face, would have charged a felony in this State, i.e., the crime of burglary, third degree (Penal Law, § 404). The New York statute cited does not prescribe that the crime intended to be committed must be of the grade of a felony. It simply prescribes that a person is guilty of burglary in the third degree who " With intent to commit a crime therein breaks and enters a building ".

Relator urges that under the circumstances and the authority of the case of *People* v. *Olah* (300 N. Y. 96) that the foregoing crime of which he was convicted in Florida cannot be counted as a multiple felony in this State and the court below so held. If we felt free to impose our own views we would reject this argument. The foreign conviction in the *Olah* case, which was rejected under our multiple felony law, was based upon a simple New Jersey statute which defined the crime of larceny as the theft of " Money, or personal goods " having " value * * * of or above twenty dollars ". The indictment under that statute charged the defendant there with the theft of goods worth over $200, and to that charge the defendant pleaded guilty. As we understand the opinion in the *Olah* case it held that the operative facts stated in the indictment could not enlarge the definition of the crime under the statute, and since the statute itself did not define a crime that would have been a felony in the State of New York it could not be counted here as a conviction for a felony. In this case however the Florida statute does

define in one part the crime of burglary in language that would make the same a felony in the State of New York, to wit breaking and entering a dwelling house with intent to commit a felony. Certainly this language is equivalent to the New York crime of burglary in the third degree, to wit breaking and entering a building with intent to commit a crime therein. It is true that the Florida statute also defines burglary as entering a dwelling with intent to commit a felony and thereafter breaking out. This part of the Florida statute does not require that a crime be committed in the building and in this State there is no comparable statute of a felonious grade. Section 405 of the Penal Law in New York provides that '' A person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a crime, is guilty of a misdemeanor ''.

Thus, as we view it, the situation presented here is that the foreign statute defines the crime of burglary in two ways, one of which would be a felony in the State of New York and the other would not. The Florida information however to which the defendant pleaded guilty charged the crime of burglary under that part of the statute that would constitute a felony in this State. The operative language of the Florida information did not add anything to the definition of the crime as contained in that part of the Florida statute but simply indicated under what phase of the statute the defendant was charged. Again we say if we felt free to impose our own views we should say that the ban of the *Olah* case does not apply under such circumstances. But we are unable to distinguish the case of *People ex rel. Marsh* v. *Martin* (284 App. Div. 156, affd. 308 N. Y. 823) from the case at bar. And may we also add that the case of *People* v. *Kromick* (308 N. Y. 866) appears to be in the same category. These cases were decided after the case of *People* v. *Love* (305 N. Y. 722) which might be cited to support our views. In both of the cases cited the foreign statutes under which the indictments were drawn contained descriptions of acts which would have constituted a felony in this State. Nevertheless, it was held that the doctrine of the *Olah* case applied. The same situation exists here and hence we feel obliged to yield to the authorities cited to the exclusion of our own views.

The order should be affirmed.

BERGAN, COON and GIBSON, JJ., concur.

Order affirmed, without costs. Permission is granted to appellant to appeal to the Court of Appeals if it is so advised, and this court certifies that in its opinion a question of law is presented which ought to be reviewed by the Court of Appeals.