J. Howard Rossbach, J.
Defendant, a third felony offender, moves for resentence on the ground that his prior conviction in South Carolina in 1941 was improperly regarded by this court as a felony. He does not contest his other prior felony.
The South Carolina statute under which defendant pleaded guilty relates to “ Housebreaking ” and is as follows: “ Every person who shall break and enter, or who shall break with intent to enter, in the daytime, any dwelling house or other house, or who shall break and enter or shall break with intent to enter, in the nighttime, any house, the breaking and entering of which would not constitute burglary, with intent to commit a felony or other crime of a lesser grade, shall be held guilty of a felony, and punishable at the discretion of the court by imprisonment in the county jail or penitentiary for a term not exceeding one year.” (1932 Code of Laws of South Carolina, § 1139.)
The South Carolina statute contains both crimes that would be felonies if committed in New York and others that would not. This court so held in People v. Murray (10 Misc 2d 690 [1958]).
At the time of the decision in People v. Murray (supra) the mandate of the Court of Appeals in People v. Olah (300 N. Y. 96 [1949]) was as yet unmodified. Hence, this court, in determining the severity of a prior South Carolina conviction, restricted its examination to the South Carolina statute alone and held that it could not go further and examine the South Carolina indictment and related papers. The restrictions surrounding the court in the Murray case are clearly set forth in *583 the decision: “ People v. Olah (300 N. Y. 96 [1949]) requires that, in determining whether ‘ crimes ’ of which a defendant has been convicted under the law of another State would be felonious under the law of New York, the sentencing court consider the crime as defined in the statute of such other State, without extension or enlargement of such definition by the indictment or by evidence at the trial. The ‘ operative facts ’ for comparison with the felony as delineated in the New York statute are limited to the statutory definition of the crime by South Carolina.” (People v. Murray, 10 Misc 2d 690, 693.)
On the basis of these restrictions, it was properly held in the Murray case that a prior felony conviction could not be spelled out from an examination of the statute alone.
The restrictions of People v. Olah have been recently loosened. (People ex rel. Gold v. Jackson, 5 N Y 2d 243 [1959]; People v. Benjamin, 7 A D 2d 410 [1959].)
In People ex rel. Gold v. Jackson (supra) the Court of Appeals stated (p. 245): “ The rationale of Olah does not license the courts below, in sentencing recidivists, to disregard the indictment or information upon which a conviction in a sister State is based in determining whether the crime charged therein constitutes a felony in New York.”
Applying the broader directive of Jackson and Benjamin we find that in the case at bar defendant pleaded guilty in the Court of General Sessions, Darlington County, South Carolina, to “ Housebreaking with intent to steal,” under three indictments. Each indictment alleges the unlawful breaking and entering of a dwelling house at night with the intent to steal. The crime to which defendant pleaded would be a felony in New York.
Defendant was properly sentenced as a third felony offender.
Motion for resentence is denied.